**EXHIBIT 1**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JADE D'AMARIO and JOSHUA DUNN on behalf of themselves and all others similarly situated,<br><br>                Plaintiffs,<br><br>     v.<br><br>THE UNIVERSITY OF TAMPA,<br><br>                Defendant. | Case No. 7:20-cv-03744-CS |

## CLASS ACTION SETTLEMENT AGREEMENT

This Agreement ("Agreement" or "Settlement Agreement") is entered into by and among (i) Plaintiffs, Jade D'Amario and Joshua Dunn ("Plaintiffs"); (ii) the Settlement Class (as defined herein); and (iii) Defendant, The University of Tampa ("Defendant" or "UT"). The Settlement Class and Plaintiffs are collectively referred to as the "Plaintiffs" unless otherwise noted. The Plaintiffs and the Defendant are collectively referred to herein as the "Parties." This Agreement is intended by the Parties to fully, finally and forever resolve, discharge, and settle the Released Claims (as defined herein), upon and subject to the terms and conditions of this Agreement, and subject to the final approval of the Court.

## RECITALS

A.      On May 14, 2020, Toni Fiore filed a putative class action complaint in the United States District Court for the Southern District of New York. The complaint alleges that UT should have refunded tuition and fees to certain students for the Spring 2020 academic semester at UT, after UT ceased physically in-person, on-campus instruction and moved to a remote format as a result of the COVID-19 pandemic. (Dkt. 1.).

B.      In response to the complaint, on July 31, 2020, Defendant filed a letter requesting a pre-motion conference regarding its intent to file a motion to dismiss under Fed. R. Civ. P. 12(b)(6).  (Dkt. 6).

C.      On August 18, 2020, Ms. Fiore filed a letter informing the Court that she intended to file a First Amended Complaint pursuant to Fed. R. Civ. P. 15(a)(1).  (Dkt. 12).  And on August 19, 2020, Ms. Fiore filed a letter in response to Defendant's July 31, 2020 letter.  (Dkt. 14).

D.      On September 15, 2020, pursuant to Fed. R. Civ. P. 15(a)(1), Ms. Fiore filed a First Amended Class Action Complaint, adding Plaintiffs Jade D'Amario and Joshua Dunn as named plaintiffs, as well as Sean Dunn.  (Dkt. 16).

E.      In response to the amended complaint, on October 15, 2020, Defendant filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6).  (Dkt. 19).  On November 13, 2020, Plaintiffs filed an opposition to the motion to dismiss.  (Dkt. 26).  And on December 4, 2020, Defendant filed a reply in support of its motion to dismiss.  (Dkt. 28).

F.      On July 16, 2021, with the motion to dismiss still pending, Defendant filed a letter requesting leave to file supplemental briefing regarding Florida Statute § 768.39, which was signed into law on June 29, 2021.  (Dkt. 36).

G.      On July 19, 2021, the Court granted the Parties leave to file supplemental briefing regarding Florida Statute § 768.39.  (Dkt. 37).  Defendant filed its supplemental brief on July 30, 2021.  (Dkt. 38).  Plaintiffs filed their response on August 10, 2021.  (Dkt. 40).  And Defendant filed its reply on August 16, 2021.  (Dkt. 42).

H.      On October 20, 2021, the Court issued an Opinion & Order granting in part and denying in part the motion to dismiss and dismissing with prejudice Ms. Fiore and Mr. Sean Dunn as named plaintiffs for lack of standing.  (Dkt. 44).

I.       On November 3, 2021, Plaintiffs filed the operative Second Amended Complaint. (Dkt. 45).

J.       On November 17, 2021, Defendant filed an Answer to the Second Amended Complaint, denying the allegations generally and asserting twenty-six affirmative and other defenses.  (Dkt. 47).

K.       On January 5, 2022, the Court held an initial scheduling conference and issued Civil Case Discovery Plan and Scheduling Order that same day.  (Dkt. 51).

L.       Throughout the litigation, the Parties discussed the prospect of settlement.  To that end, the Parties agreed to participate in a private mediation with The Honorable Joseph P. Farina (Ret.) of JAMS Miami.

M.       On March 31, 2022, the Parties participated in a full-day mediation with Judge Farina.  At the conclusion of the mediation session, the Parties reached an agreement and executed a Confidential Memorandum of Understanding for Class Settlement, which expressly contemplates the creation of this fuller Agreement.

N.       At all times, Defendant has denied and continues to deny any wrongdoing whatsoever and has denied and continues to deny that it committed, or threatened or attempted to commit, any wrongful act or violation of law or duty alleged in the Action, and maintained its opposition to certification of a litigation class.  Nonetheless, taking into account the uncertainty and risks inherent in any litigation, the desire to avoid the expenditure of further legal fees and costs, and the benefits that students will receive from a negotiated settlement, Defendant has concluded it is desirable and beneficial that the Action be fully and finally settled and terminated in the manner and upon the terms and conditions set forth in this Agreement.  This Agreement is a compromise, and the Agreement, any related documents, and any negotiations resulting in it shall not be construed as or deemed to be evidence of or an admission or concession of liability

or wrongdoing on the part of Defendant, or any of the Released Parties (defined below), with respect to any claim of any fault or liability or wrongdoing or damage whatsoever or with respect to the certifiability of a litigation class.

       O.     Plaintiffs believe that the claims asserted in the Action against Defendant have merit and that they would have prevailed at class certification, summary judgment, and/or trial. Nonetheless, Plaintiffs and Class Counsel recognize that Defendant has raised factual and legal defenses that present a risk that Plaintiffs may not prevail. Plaintiffs and Class Counsel also recognize the expense and delay associated with continued prosecution of the Action against Defendant through class certification, summary judgment, trial, and any subsequent appeals. Plaintiffs and Class Counsel also have taken into account the uncertain outcome and risks of litigation, especially in complex class actions, as well as the difficulties inherent in such litigation. Therefore, Plaintiffs believe it is desirable that the Released Claims, as further defined herein, be fully and finally compromised, settled, and resolved with prejudice. Based on its evaluation, Class Counsel has concluded that the terms and conditions of this Agreement are fair, reasonable, and adequate to the Settlement Class, and that it is in the best interests of the Settlement Class to settle the claims raised in the Action pursuant to the terms and provisions of this Agreement.

       NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among Plaintiffs, the Settlement Class, and each of them, and Defendant, by and through its undersigned counsel that, subject to final approval of the Court after a hearing or hearings as provided for in this Settlement Agreement, in consideration of the benefits flowing to the Parties from the Agreement set forth herein, that the Action and the Released Claims shall be finally and fully compromised, settled, and released, and the Action shall be dismissed with prejudice, upon and subject to the terms and conditions of this Agreement.

4

## AGREEMENT

1.    **DEFINITIONS.**

As used in this Settlement Agreement, the following terms have the meanings specified below:

1.1    **"Action"** means *D'Amario v. The University of Tampa*, Case No. 7:20-cv-03744-CS, pending in the United States District Court for the Southern District of New York.

1.2    **"Alternate Judgment"** means a form of final judgment that may be entered by the Court herein but in a form other than the form of Judgment provided for in this Agreement and where none of the Parties elects to terminate this Settlement by reason of such variance.

1.3    **"Cash Award"** means the cash compensation, payable by the Settlement Administrator from funds provided by Defendant, that each Settlement Class Member who has not opted-out of the Settlement shall be entitled to receive.

1.4    **"Class Counsel"** means Philip L. Fraietta, Alec M. Leslie, and Sarah N. Westcot of Bursor & Fisher, P.A.

1.5    **"Class Representatives"** means the named Plaintiffs in this Action, Jade D'Amario and Joshua Dunn.

1.6    **"Court"** means the United States District Court for the Southern District of New York, the Honorable Cathy Seibel presiding, or any judge who shall succeed her as the Judge in this Action.

1.7    **"Defendant"** means The University of Tampa.

1.8    **"Defendant's Counsel"** means Jonathan M. Kozak and Ryan C. Chapoteau of Jackson Lewis P.C.

1.9    **"Effective Date"** means the date ten (10) days after which all of the events and conditions specified in Paragraph 9.1 have been met and have occurred.

**1.10**    **"Election Form"** means the form by which Settlement Class Members shall make their selection identifying the type of Settlement Class Member Benefit they choose to receive under the Settlement.  The Election Form will be available on the Settlement Website and will be substantially in the form of Exhibit A, hereto.  Settlement Class Members must submit an Election Form within sixty (60) days after the Notice Date.  In the event a Settlement Class Member does not submit an Election Form, the Settlement Class Member will receive a Cash Award in the form of a check sent to the Settlement Class Member's last known address.

**1.11**    **"Escrow Account"** means the separate, interest-bearing escrow account to be established by the Settlement Administrator under terms acceptable to all Parties at a depository institution insured by the Federal Deposit Insurance Corporation.  The Settlement Fund shall be deposited by Defendant into the Escrow Account in accordance with the terms of this Agreement and the money in the Escrow Account shall be invested in the following types of accounts and/or instruments and no other:  (i) demand deposit accounts and/or (ii) time deposit accounts and certificates of deposit, in either case with maturities of forty-five (45) days or less.  The costs of establishing and maintaining the Escrow Account shall be paid from the Settlement Fund.

**1.12**    "**Fee Award***"* means the amount of attorneys' fees and reimbursement of expenses awarded by the Court to Class Counsel, which will be paid out of the Settlement Fund.

**1.13**    **"Final"** means one business day following the latest of the following events:  (i) the date upon which the time expires for filing or noticing any appeal of the Court's Final Judgment approving the Settlement Agreement; (ii) if there is an appeal or appeals (other than an appeal or appeals solely with respect to the Fee Award), the date of completion, in a manner that finally affirms and leaves in place the Final Judgment without any material modification, of all proceedings arising out of the appeal or appeals (including, but not limited to, the expiration of all deadlines for motions for reconsideration or petitions for review and/or *certiorari*, all

proceedings ordered on remand, and all proceedings arising out of any subsequent appeal or appeals following decisions on remand); or (iii) the date of final dismissal of any appeal or the final dismissal of any proceeding on *certiorari*.

      **1.14** **"Final Approval Hearing"** means the hearing before the Court where the Parties will request the Final Judgment to be entered by the Court approving the Settlement Agreement, the Fee Award, and the incentive award to the Class Representative.

      **1.15** **"Final Judgment"** means the Final Judgment and Order to be entered by the Court approving the Agreement after the Final Approval Hearing.

      **1.16** **"Notice"** means the notice of this proposed Class Action Settlement Agreement and Final Approval Hearing, which is to be sent to the Settlement Class substantially in the manner set forth in this Agreement, which is consistent with the requirements of Due Process, Rule 23, and is substantially in the form of Exhibits B, C, and D hereto.

      **1.17** **"Notice Date"** means the date by which the Notice set forth in Paragraph 4.1 is complete, which shall be no later than twenty-eight (28) days after Preliminary Approval.

      **1.18** **"Objection/Exclusion Deadline"** means the date by which a written objection to this Settlement Agreement or a request for exclusion submitted by a Person within the Settlement Class must be made, which shall be designated as a date no later than sixty (60) days after the Notice Date and no sooner than fourteen (14) days after papers supporting the Fee Award are filed with the Court and posted to the settlement website listed in Paragraph 4.1(d), or such other date as ordered by the Court.

      **1.19** **"Out-of-Pocket Tuition and Fees"** means (1) the total amount of tuition and fees paid to UT by or on behalf of a Settlement Class Member, excluding all discounts, scholarships and other grants, (2) minus any unpaid balances related to the Spring 2020 term as reflected on the Settlement Class Member's account with UT.  Out-of-Pocket Tuition and Fees does not

include any payments for room and board, including meal plans.  "**Total Out-of-Pocket Tuition and Fees**" means the aggregate Out-of-Pocket Tuition and Fees paid by the entire Settlement Class.

      **1.20**    "**Out-of-Pocket Percentage**" for a Settlement Class Member means the ratio of their Out-of-Pocket Tuition and Fees to the Total Out-of-Pocket Tuition and Fees.

      **1.21**    "**Person**" shall mean, without limitation, any individual, corporation, partnership, limited partnership, limited liability company, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and their spouses, heirs, affiliates, parents, predecessors, successors, representatives, or assigns, subsidiaries, insurers, and their past, present and future directors, officers, shareholders, members, faculty, employees, agents, and attorneys both individually and in their capacities as directors, officers, shareholders, members, employees, agents, and attorneys.  "Person" is not intended to include any governmental agencies or governmental actors, including, without limitation, any state Attorney General office.

      **1.22**    "**Plaintiffs**" means Jade D'Amario, Joshua Dunn, and the Settlement Class Members.

      **1.23**    "**Preliminary Approval**" means the Court's certification of the Settlement Class for settlement purposes, preliminary approval of this Settlement Agreement, and approval of the form and manner of the Notice.

      **1.24**    "**Preliminary Approval Order**" means the Order preliminarily approving the Settlement Agreement, certifying the Settlement Class for settlement purposes, and directing notice thereof to the Settlement Class, which will be agreed upon by the Parties and submitted to the Court in conjunction with Plaintiffs' motion for preliminary approval of the Agreement.

**1.25** **"Released Claims"** means any and all actual, potential, filed, known or unknown, fixed or contingent, claimed or unclaimed, suspected or unsuspected, claims, demands, charges, complaints, liabilities, rights, causes of action, obligations, contracts or agreements, extra contractual claims, damages, punitive, exemplary or multiplied damages, injunctive relief, declaratory relief, equitable relief, expenses, costs, attorneys' fees and or obligations (including "Unknown Claims," as defined below), whether in law or in equity, accrued or un-accrued, direct, individual or representative, of every nature and description whatsoever, whether based on state, federal, local, statutory or common law or any other law, rule or regulation, against the Released Parties, including any of them, arising out of any facts, transactions, events, matters, occurrences, acts, disclosures, statements, representations, omissions, claims, liabilities, or failures to act regarding UT's actions or decisions in respect to the Spring 2020 academic term, including ceasing physically in-person, on-campus education and services and transitioning to a remote format for the Spring 2020 academic term, including but not limited to all claims that were brought or could have been brought in the Action relating to any and all Releasing Parties.

**1.26** **"Released Parties"** means Defendant, The University of Tampa, as well as any and all of its respective present or past heirs, executors, estates, administrators, predecessors, successors, assigns, parent companies, subsidiaries, licensors, licensees, associates, affiliates, employers, agents, consultants, independent contractors, insurers, including without limitation employees of the foregoing, directors, trustees, board members, managing directors, officers, partners, principals, members, attorneys, accountants, financial and other advisors, underwriters, shareholders, lenders, auditors, investment advisors, legal representatives, successors in interest, assigns and companies, firms, trusts, corporations, and all third party service providers or entities identified as UT's agents and/or independent contractors in this Action.

**1.27** **"Releasing Parties"** means Plaintiffs, those Settlement Class Members who do not timely opt out of the Settlement Class, and all of their respective present or past heirs, executors, family members, lenders, funders, payors, estates, administrators, predecessors, successors, assigns, parent companies, subsidiaries, associates, affiliates, employers, employees, agents, consultants, independent contractors, insurers, directors, managing directors, officers, partners, principals, members, attorneys, accountants, financial and other advisors, underwriters, shareholders, lenders, auditors, investment advisors, legal representatives, successors in interest, assigns and companies, firms, trusts, limited liability companies, partnerships and corporations.

**1.28** **"Settlement Administration Expenses"** means the expenses incurred by the Settlement Administrator in providing Notice (including CAFA notice), responding to inquiries from members of the Settlement Class, receiving and administering election forms and information, mailing checks, and related services, paying taxes and tax expenses related to the Settlement Fund (including all federal, state or local taxes of any kind and interest or penalties thereon, as well as expenses incurred in connection with determining the amount of and paying any taxes owed and expenses related to any tax attorneys and accountants).

**1.29** **"Settlement Administrator"** means JND Legal Administration, or such other reputable administration company that has been selected jointly by the Parties and approved by the Court to perform the duties set forth in this Agreement, including but not limited to serving as Escrow Agent for the Settlement Fund, overseeing the distribution of Notice, handling all approved payments out of the Settlement Fund, and handling the determination, payment and filing of forms related to all federal, state and/or local taxes of any kind (including any interest or penalties thereon) that may be owed on any income earned by the Settlement Fund.  Class Counsel's assent to this Agreement shall constitute consent on behalf of each and every member of the Settlement Class as defined herein to disclose to Class Counsel and the Settlement

Administrator all information required by the Settlement Administrator to perform the duties and functions ascribed to it herein, consistent with the written consent provisions of the Federal Educational Rights and Privacy Act, 20 U.S.C. § 1232g.

**1.30**    **"Settlement Class"** means all students and former students who paid, or on whose behalf payment was made, tuition and fees for educational services to Defendant for the Spring 2020 Semester, and who remained enrolled as of March 1, 2020.  Excluded from the Settlement Class are (1) any Judge or Magistrate presiding over this Action and members of their families; (2) the Defendant, Defendant's subsidiaries, parent companies, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and their current or former officers, directors, agents, and attorneys; (3) persons who properly execute and file a timely request for exclusion from the class; and (4) the legal representatives, successors or assigns of any such excluded persons.

**1.31**    **"Settlement Class Member"** means a Person who falls within the definition of the Settlement Class as set forth above and who has not submitted a valid request for exclusion.

**1.32**    **"Settlement Fund"** means the non-reversionary fund that shall be established by or on behalf of Defendant in the total amount of up to three million four hundred thousand dollars ($3,400,000.00 USD) to be deposited into the Escrow Account, according to the schedule set forth herein, plus all interest earned thereon.  From the Settlement Fund, the Settlement Administrator shall pay all Cash Awards to Settlement Class Members, Settlement Administration Expenses, any incentive award to the Class Representative, any Fee Award to Class Counsel, and any other costs, fees or expenses approved by the Court.  The "**Available Settlement Fund**" is the amount remaining in the Settlement Fund after payment of an approved Fee Award to Class Counsel, approved Settlement Administration Expenses, any approved incentive award to the Class Representatives, and any other costs, fees or expenses approved by

11

the Court.  The Settlement Fund shall be kept in the Escrow Account with permissions granted to the Settlement Administrator to access said funds until such time as the listed payments are made. The Settlement Fund includes all interest that shall accrue on the sums deposited in the Escrow Account.  The Settlement Administrator shall be responsible for all tax filings with respect to any earnings on the Settlement Fund and the payment of all taxes that may be due on such earnings.  The Settlement Fund represents the total extent of Defendant's monetary obligations under this Agreement.  The payment of the sums into the Settlement Fund by Defendant fully discharges the Defendant and the other Released Parties' financial obligations (if any) in connection with the Settlement, meaning that no Released Party shall have any other obligation to make any payment into the Escrow Account or to any Class Member, or any other Person, under this Agreement.  In no event shall the total monetary obligation with respect to this Agreement on behalf of Defendant exceed three million four hundred thousand dollars ($3,400,000.00 USD), and in no event shall the Settlement Fund or any portion thereof revert to Defendant.

   1.33 **"Spring 2020 Semester"** means the Spring 2020 academic semester at UT, which commenced on or about January 21, 2020, and concluded on May 8, 2020.

   1.34 **"Unknown Claims"** means claims that could have been raised in the Action and that any or all of the Releasing Parties do not know or suspect to exist, which, if known by him or her, might affect his or her agreement to release the Released Parties or the Released Claims or might affect his or her decision to agree, object or not to object to the Settlement.  Upon the Effective Date, the Releasing Parties shall be deemed to have, and shall have, expressly waived and relinquished, to the fullest extent permitted by law, the provisions, rights and benefits of § 1542 of the California Civil Code, which provides as follows:

   A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE
   CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER

FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF
KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS
OR HER SETTLEMENT WITH THE DEBTOR.

Upon the Effective Date, the Releasing Parties also shall be deemed to have, and shall have, waived any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, or the law of any jurisdiction outside of the United States, which is similar, comparable or equivalent to § 1542 of the California Civil Code. The Releasing Parties acknowledge that they may discover facts in addition to or different from those that they now know or believe to be true with respect to the subject matter of this release, but that it is their intention to finally and forever settle and release the Released Claims, notwithstanding any Unknown Claims they may have, as that term is defined in this Paragraph.

2.      **SETTLEMENT RELIEF.**

    2.1      **Payments to Settlement Class Members.**

        **(a)**      Defendant shall within five (5) business days following Final Judgment pay or cause to be paid into the Escrow Account the amount of the Settlement Fund (up to $3,400,000.00), specified in Paragraph 1.32 of this Agreement, less:  (i) any amounts previously invoiced and paid to the Settlement Administrator in accordance with Paragraphs 4 and 5; (ii) any amount elected as a credit or gift by the Settlement Class Member as provided in Paragraph 2.1(b), and (iii) any *pro rata* share of those Settlement Class Members who timely opt-out.

        **(b)**      Each Settlement Class Member will receive a pro rata payment from the Settlement Fund.  The pro rata payment for each Settlement Class Member will be equal to that Settlement Class Member's Out-of-Pocket Percentage multiplied by the Available Settlement Fund.  The Notice will give Settlement Class Members the ability to opt via an Election Form to: (i) receive a Cash Award by Venmo or PayPal; (ii) apply their share of the Settlement Fund to future credits should the Settlement Class Member wish to re-enroll or continue enrollment at

UT, provided however that credit issued as part of the settlement must be used no later than the start of the Fall 2023 semester (on August 28, 2023) and, if not used by this time, the credit will expire and no other refund or credit will be provided to such Settlement Class Member regardless of whether they actually use such credit; or (iii) direct their share of the Settlement Fund as a gift to The University of Tampa for deposit into a scholarship fund administered by The University of Tampa for the benefit of its students.  Settlement Class Members must submit an Election Form no later than sixty (60) days after the Notice Date.  In the event a Settlement Class Member does not submit an Election Form, the Settlement Class Member will receive a Cash Award in the form of a check sent to the Settlement Class Member's last known address.

     **(c)**     Payments to all Settlement Class Members shall be made within twenty-eight (28) days after the Effective Date.

     **(d)**     All Cash Awards issued to Settlement Class Members via check will state on the face of the check that it will expire and become null and void unless cashed within ninety (90) days after the date of issuance.  To the extent that a check issued to a Settlement Class Member is not cashed within ninety (90) days after the date of issuance, such funds shall, subject to Court approval, revert to Defendant for the direct benefit of the students of The University of Tampa through the creation of a special student-focused scholarship fund administered by The University of Tampa.

     **(e)**     Plaintiffs understand and agree that Plaintiffs and Settlement Class Members would not receive the monies and/or benefits specified in this Agreement, except for Plaintiffs' execution of this Agreement and the fulfillment of the promises contained herein.

**3.**     **RELEASE.**

     **3.1**     The obligations incurred pursuant to this Settlement Agreement shall be a full and final disposition of the Action and any and all Released Claims, as against all Released Parties.

**3.2**    Upon the Effective Date, the Releasing Parties, and each of them, shall be deemed to have, and by operation of the Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims against the Released Parties, and each of them.

**4.    NOTICE TO THE CLASS.**

**4.1**    The Notice Plan shall consist of the following:

**(a)**    *Settlement Class List*.  No later than twenty-eight (28) days from the execution of this Settlement Agreement, UT shall produce an electronic list from its records that includes the names, last known U.S. Mail addresses, and email addresses belonging to Persons within the Settlement Class.  This electronic document shall be called the "Class List," and shall be provided to the Settlement Administrator with a copy to Class Counsel for the purpose of giving notice to the Settlement Class Members and shall not be used for any other purpose.   No later than five (5) days after the Objection/Exclusion Deadline, UT will provide to the Settlement Administrator the total amount of Out-of-Pocket Tuition and Fees paid by or on behalf of each Settlement Class Member for the Spring 2020 Semester.

**(b)**    *Direct Notice via Email.*  No later than twenty-one (21) days from entry of the Preliminary Approval Order, the Settlement Administrator shall send Notice via email substantially in the form attached as Exhibit B to all Settlement Class Members for whom a valid email address is in the Class List.  In the event transmission of email notice results in any "bounce-backs," the Settlement Administrator shall, if possible, correct any issues that may have caused the "bounce-back" to occur and make a second attempt to re-send the email notice.

**(c)**    *Direct Notice via U.S. Mail*.  No later than the twenty-eight (28) days from entry of the Preliminary Approval Order, the Settlement Administrator shall send notice substantially in the form attached as Exhibit C via First Class U.S. Mail to all Settlement Class Members who did not receive an email pursuant to Paragraph 4.1(b), above.

(d) *Settlement Website.* Within ten (10) days from entry of the Preliminary Approval Order, Notice shall be provided on a website at an available settlement URL (such as, for example, www.utsettlement.com) which shall be obtained, administered and maintained by the Settlement Administrator and shall provide Settlement Class Members with ability to submit Election Forms and to update their mailing addresses. Copies of this Settlement Agreement, the long-form Notice, and other pertinent documents and Court filings pertaining to the Settlement (including the motion for attorneys' fees upon its filing), shall be provided on the Settlement Website. The Notice provided on the Settlement Website shall be substantially in the form of Exhibit D hereto.

(e) *CAFA Notice.* Pursuant to 28 U.S.C. § 1715, not later than ten (10) days after the Agreement is filed with the Court, the Settlement Administrator shall cause to be served upon the Attorneys General of each U.S. State in which Settlement Class members reside, the Attorney General of the United States, and other required government officials, notice of the proposed settlement as required by law, subject to Paragraph 5.1 below.

4.2     The Notice shall advise the Settlement Class of their rights, including the right to be excluded from, comment upon, and/or object to the Settlement Agreement or any of its terms. The Notice shall also advise the Settlement Class of their ability to seek to quash the ordered disclosure of their Out-of-Pocket Tuition and Fees to the Settlement Administrator. The Notice shall specify that any objection to the Settlement Agreement, and any papers submitted in support of said objection, shall be considered by the Court at the Final Approval Hearing only if, on or before the Objection/Exclusion Deadline approved by the Court and specified in the Notice, the Person making the objection files notice of an intention to do so and at the same time (a) files copies of such papers he or she proposes to be submitted at the Final Approval Hearing with the Clerk of the Court, or alternatively, if the objection is from a Class Member represented

16

by counsel, files any objection through the Court's CM/ECF system, and (b) sends copies of such papers by mail, hand, or overnight delivery service to Class Counsel and Defendant's Counsel.

      **4.3**     Any Settlement Class Member who intends to object to this Agreement must present the objection in writing, which must be personally signed by the objector, and must include:  (1) the objector's name and address; (2) an explanation of the basis upon which the objector claims to be a Settlement Class Member; (3) all grounds for the objection, including all citations to legal authority and evidence supporting the objection; (4) the name and contact information of any and all attorneys representing, advising, or in any way assisting the objector in connection with the preparation or submission of the objection or who may profit from the pursuit of the objection (the "Objecting Attorneys"); and (5) a statement indicating whether the objector intends to appear at the Final Approval Hearing (either personally or through counsel who files an appearance with the Court in accordance with the Local Rules).

      **4.4**     If a Settlement Class Member or any of the Objecting Attorneys has objected to any class action settlement where the objector or the Objecting Attorneys asked for or received any payment in exchange for dismissal of the objection, or any related appeal, without any modification to the settlement, then the objection must include a statement identifying each such case by full case caption and amount of payment received.

      **4.5**     A Settlement Class Member may request to be excluded from the Settlement Class by sending a written request postmarked on or before the Objection/Exclusion Deadline approved by the Court and specified in the Notice.  To exercise the right to be excluded, a Person in the Settlement Class must timely send a written request for exclusion to the Settlement Administrator providing his/her name and address, a signature, the name and number of the case, and a statement that he or she wishes to be excluded from the Settlement Class for purposes of

this Settlement.  A request to be excluded that does not include all of this information, or that is sent to an address other than that designated in the Notice, or that is not postmarked within the time specified, shall be invalid, and the Person(s) serving such a request shall be a member(s) of the Settlement Class and shall be bound as a Settlement Class Member by this Agreement, if approved.  Any member of the Settlement Class who validly elects to be excluded from this Agreement shall not: (i) be bound by any orders or the Final Judgment; (ii) be entitled to relief under this Settlement Agreement; (iii) gain any rights by virtue of this Agreement; or (iv) be entitled to object to any aspect of this Agreement.  The request for exclusion must be personally signed by each Person requesting exclusion.  So-called "mass" or "class" opt-outs shall not be allowed.  To be valid, a request for exclusion must be postmarked or received by the date specified in the Notice.

**4.7**     The Final Approval Hearing shall be no earlier than ninety (90) days after the Notice Plan described in Paragraph 4.1 is provided.

**4.8**     Any Settlement Class Member who does not, in accordance with the terms and conditions of this Agreement, seek exclusion from the Settlement Class will be bound by all of the terms of this Agreement, including the terms of the Final Judgment to be entered in the Action and the Releases provided for in the Agreement, and will be barred from bringing any action against any of the Released Parties concerning the Released Claims.

**5.     SETTLEMENT ADMINISTRATION.**

**5.1**     The Settlement Administrator shall, under the supervision of the Court, administer the relief provided by this Settlement Agreement in a rational, responsive, cost effective, and timely manner.  The Settlement Administrator shall maintain reasonably detailed records of its activities under this Agreement.  The Settlement Administrator shall maintain all such records as are required by applicable law in accordance with its normal business practices and such records

will be made available to Class Counsel and Defendant's Counsel upon request.  The Settlement Administrator shall also provide reports and other information to the Court as the Court may require.  The Settlement Administrator shall provide Class Counsel and Defendant's Counsel with regular reports at weekly intervals containing information concerning Notice, administration, and implementation of the Settlement Agreement.  Should the Court request, the Parties shall submit a timely report to the Court summarizing the work performed by the Settlement Administrator, including a report of all amounts from the Settlement Fund paid to Settlement Class Members.  Without limiting the foregoing, the Settlement Administrator shall:

**(a)**     Forward to Defendant's Counsel, with copies to Class Counsel, all original documents and other materials received in connection with the administration of the Settlement, and all copies thereof, within thirty (30) days after the Objection/Exclusion Deadline;

**(b)**     Provide Class Counsel and Defendant's Counsel with drafts of all administration related documents, including but not limited to CAFA Notices, follow-up class notices or communications with Settlement Class Members, telephone scripts, website postings or language or other communications with the Settlement Class, at least five (5) days before the Settlement Administrator is required to or intends to publish or use such communications, unless Class Counsel and Defendant's Counsel agree to waive this requirement in writing on a case by case basis; and

**(c)**     Receive requests to be excluded from the Settlement Class and other requests and promptly provide to Class Counsel and Defendant's Counsel copies thereof.  If the Settlement Administrator receives any exclusion forms or other requests after the deadline for the submission of such forms and requests, the Settlement Administrator shall promptly provide copies thereof to Class Counsel and Defendant's Counsel.

**5.2**      In the exercise of its duties outlined in this Agreement, the Settlement Administrator shall have the right to reasonably request additional information from Class Counsel or any Settlement Class Member.

**5.3**      Defendant, the Released Parties, and Defendant's Counsel shall have no responsibility for, interest in, or liability whatsoever with respect to: (i) any act, omission, or determination by Class Counsel, or the Settlement Administrator, or any of their respective designees or agents, in connection with the administration of the Settlement or otherwise; (ii) the management, investment, or distribution of the Settlement Fund; (iii) the allocation of Settlement Funds to Settlement Class Members or the implementation, administration, or interpretation thereof; (iv) the determination, administration, calculation, or payment of any claims asserted against the Settlement Fund; (v) any losses suffered by, or fluctuations in value of, the Settlement Fund; or (vi) the payment or withholding of any Taxes, Tax Expenses, or costs incurred in connection with the taxation of the Settlement Fund or the filing of any federal, state, or local returns.

**5.4**      All taxes and tax expenses shall be paid out of the Settlement Fund, and shall be timely paid by the Settlement Administrator pursuant to this Agreement and without further order of the Court.  Any tax returns prepared for the Settlement Fund (as well as the election set forth therein) shall be consistent with this Agreement and in all events shall reflect that all taxes on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided herein.  The Released Parties shall have no responsibility or liability for the acts or omissions of the Settlement Administrator or its agents with respect to the payment of taxes or tax expenses.

**6.      TERMINATION OF SETTLEMENT.**

**6.1**      Subject to Paragraphs 9.1-9.3 below, Defendant or the Class Representatives on

behalf of the Settlement Class, shall have the right to terminate this Agreement by providing written notice of the election to do so ("Termination Notice") to all other Parties hereto within twenty-one (21) days of any of the following events:  (i) the Court's refusal to grant Preliminary Approval of this Agreement in any material respect; (ii) the Court's refusal to grant final approval of this Agreement in any material respect; (iii) the Court's refusal to enter the Final Judgment in this Action in any material respect; (iv) the date upon which the Final Judgment is modified or reversed in any material respect by the Court of Appeals or the Supreme Court; or (v) the date upon which an Alternate Judgment, as defined in Paragraph 9.1(d) of this Agreement is modified or reversed in any material respect by the Court of Appeals or the Supreme Court.

6.2    In the event that more than 30 Settlement Class Members exercise their right to opt-out of the settlement, Defendant will have the unilateral right, in its sole discretion, to declare the settlement void in its entirety upon notice to Class Counsel within ten (10) business days of the Settlement Administrator providing a report showing that more than 30 Settlement Class Members have opted-out of the settlement.

7.    **PRELIMINARY APPROVAL ORDER AND FINAL APPROVAL ORDER.**

7.1    Promptly after the execution of this Settlement Agreement, Class Counsel shall submit this Agreement together with its Exhibits to the Court and shall move the Court for Preliminary Approval of the settlement set forth in this Agreement; certification of the Settlement Class for settlement purposes only; appointment of Class Counsel and the Class Representative; and entry of a Preliminary Approval Order, which order shall set a Final Approval Hearing date and approve the Notice for dissemination substantially in the form of Exhibits B, C, and D hereto.  The Preliminary Approval Order shall also authorize the Parties, without further approval from the Court, to agree to and adopt such amendments, modifications and expansions of the Settlement Agreement and its implementing documents (including all

exhibits to this Agreement) so long as they are consistent in all material respects with the terms of the Settlement Agreement and do not limit or impair the rights of the Settlement Class or materially expand the obligations of Defendant.

**7.2**     At the time of the submission of this Agreement to the Court as described above, Class Counsel shall request that, after Notice is given, the Court hold a Final Approval Hearing and approve the settlement of the Action as set forth herein.

**7.3**     After Notice is given, the Parties shall request and seek to obtain from the Court a Final Judgment, which will (among other things):

       **(a)**     find that the Court has personal jurisdiction over all Settlement Class Members and that the Court has subject matter jurisdiction to approve the Agreement, including all exhibits thereto;

       **(b)**     approve the Settlement Agreement and the proposed settlement as fair, reasonable, and adequate as to, and in the best interests of, the Settlement Class Members; direct the Parties and their counsel to implement and consummate the Agreement according to its terms and provisions; and declare the Agreement to be binding on, and have *res judicata* and preclusive effect in all pending and future lawsuits or other proceedings maintained by or on behalf of Plaintiffs and Releasing Parties;

       **(c)**     find that the Notice implemented pursuant to the Agreement (1) constitutes the best practicable notice under the circumstances; (2) constitutes notice that is reasonably calculated, under the circumstances, to apprise the Settlement Class of the pendency of the Action, their right to object to or exclude themselves from the proposed Agreement, and to appear at the Final Approval Hearing; (3) is reasonable and constitutes due, adequate, and sufficient notice to all persons entitled to receive notice; and (4) meets all applicable

22

requirements of the Federal Rules of Civil Procedure, the Due Process Clause of the United

States Constitution, and the rules of the Court;

      **(d)**    find that the Class Representative and Class Counsel adequately represent

the Settlement Class for purposes of entering into and implementing the Agreement;

      **(e)**    dismiss the Action (including all individual claims and Settlement Class

Claims presented thereby) on the merits and with prejudice, without fees or costs to any party

except as provided in the Settlement Agreement;

      **(f)**    incorporate the Release set forth above, make the Release effective as of

the date of the Effective Date, and forever discharge the Released Parties as set forth herein;

      **(g)**    permanently bar and enjoin all Settlement Class Members who have not

been properly excluded from the Settlement Class from filing, commencing, prosecuting,

intervening in, or participating (as class members or otherwise) in any lawsuit or other action in

any jurisdiction based on the Released Claims;

      **(h)**    without affecting the finality of the Final Judgment for purposes of appeal,

retain jurisdiction as to all matters relating to administration, consummation, enforcement, and

interpretation of the Settlement Agreement and the Final Judgment, and for any other necessary

purpose; and

      **(i)**    incorporate any other provisions, as the Court deems necessary and just.

**8.**    **CLASS COUNSEL'S ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES; INCENTIVE AWARD.**

    **8.1**    Defendant agrees that Class Counsel may receive from the Settlement Fund,

subject to Court approval, attorneys' fees, costs, and expenses not to exceed one-third of the

Settlement Fund (or one million one hundred thirty-three thousand three hundred thirty-three

dollars and thirty-three cents ($1,133,333.33)).  Plaintiffs will petition the Court for an award of

such attorneys' fees, costs, and expenses, and Defendant agrees to not object to or otherwise

challenge, directly or indirectly, Class Counsel's petition for attorneys' fees, costs, and expenses if limited to this amount. Class Counsel, in turn, agrees to seek no more than this amount from the Court in attorneys' fees, costs, and expenses. Payment of the Fee Award shall be made from the Settlement Fund and should the Court award less than the amount sought by Class Counsel, the difference in the amount sought and the amount ultimately awarded pursuant to this Paragraph shall remain in the Settlement Fund.

**8.2**    The Fee Award shall be payable by the Settlement Administrator within ten (10) business days after entry of the Court's Final Judgment, subject to Class Counsel executing the Undertaking Regarding Attorneys' Fees and Costs (the "Undertaking") attached hereto as Exhibit E, and providing all payment routing information and tax I.D. numbers for Class Counsel. Payment of the Fee Award shall be made from the Settlement Fund by wire transfer to Bursor & Fisher, P.A., in accordance with wire instructions to be provided by Bursor & Fisher, P.A., and completion of necessary forms, including but not limited to W-9 forms. Notwithstanding the foregoing, if for any reason the Final Judgment is reversed or rendered void as a result of an appeal(s) then Class Counsel shall return such funds to the Defendant. Additionally, should any parties to the Undertaking dissolve, merge, declare bankruptcy, become insolvent, or cease to exist prior to the final payment to Class Members, those parties shall execute a new undertaking guaranteeing repayment of funds within 14 days of such an occurrence.

**8.3**    Defendant agrees that, subject to Court approval, the Settlement Administrator may pay incentive awards to the Class Representatives from the Settlement Fund, in addition to any settlement payment as a result of an Approved Claim pursuant to this Agreement, and in recognition of their efforts on behalf of the Settlement Class, in the amount of ten thousand dollars ($10,000.00) each. Defendant shall not object to or otherwise challenge, directly or

indirectly, Class Counsel's application for the incentive award to the Class Representatives if limited to this amount. Class Counsel, in turn, agrees to seek no more than this amount from the Court as the incentive award for the Class Representatives. Should the Court award less than this amount, the difference in the amount sought and the amount ultimately awarded pursuant to this Paragraph shall remain in the Settlement Fund. Such award shall be paid from the Settlement Fund (in the form of a check to the Class Representatives that is sent care of Class Counsel), within five (5) business days after the Effective Date.

9. **CONDITIONS OF SETTLEMENT, EFFECT OF DISAPPROVAL, CANCELLATION OR TERMINATION.**

**9.1**    The Effective Date of this Settlement Agreement shall not occur unless and until each of the following events occurs and shall be the date upon which the last (in time) of the following events occurs:

      **(a)**    The Parties and their counsel have executed this Agreement;

      **(b)**    The Court has entered the Preliminary Approval Order;

      **(c)**    The Court has entered an order finally approving the Agreement, following Notice to the Settlement Class and a Final Approval Hearing, as provided in the Federal Rules of Civil Procedure, and has entered the Final Judgment, or a judgment consistent with this Agreement in all material respects; and

      **(d)**    The Final Judgment has become Final, as defined above, or, in the event that the Court enters an Alternate Judgment, such Alternate Judgment becomes Final.

**9.2**    If some or all of the conditions specified in Paragraph 9.1 are not met, or in the event that this Agreement is not approved by the Court, or the settlement set forth in this Agreement is terminated or fails to become effective in accordance with its terms, then this Settlement Agreement shall be canceled and terminated subject to Paragraph 6.1 unless Class Counsel and Defendant's Counsel mutually agree in writing to proceed with this Agreement. If

any Party is in material breach of the terms hereof, any other Party, provided that it is in substantial compliance with the terms of this Agreement, may terminate this Agreement on notice to all of the Settling Parties. Notwithstanding anything herein, the Parties agree that the Court's failure to approve, in whole or in part, the attorneys' fees payment to Class Counsel and/or the incentive award set forth in Paragraph 8 above shall not prevent the Agreement from becoming effective, nor shall it be grounds for termination.

**9.3** If this Agreement is terminated or fails to become effective for the reasons set forth in Paragraphs 6.1-6.2 or 9.1-9.2 above, the Parties shall be restored to their respective positions in the Action as of the date of the signing of this Agreement. In such event, any Final Judgment or other order entered by the Court in accordance with the terms of this Agreement shall be treated as vacated, *nunc pro tunc*, and the Parties shall be returned to the *status quo ante* with respect to the Action as if this Agreement had never been entered into. Within five (5) business days after written notification of termination as provided in this Agreement is sent to the other Parties, the Settlement Fund (including accrued interest thereon), less any Settlement Administration costs actually incurred, paid or payable and less any taxes and tax expenses paid, due or owing, shall be refunded by the Settlement Administrator to Defendant, based upon written instructions provided by Defendant's Counsel. In the event Defendant terminates this Agreements because of Plaintiffs or Class Counsel breach of this Agreement, Class Counsel shall refund to Defendant, based upon written instructions provided by Defendant's Counsel, any Settlement Administration costs actually incurred prior to termination. In the event that the Final Settlement Order and Judgment or any part of it is vacated, overturned, reversed, or rendered void as a result of an appeal, or the Settlement Agreement is voided, rescinded, or otherwise terminated for any other reason, Class Counsel shall, within thirty (30) days repay to Defendant, based upon written instructions provided by Defendant's Counsel, the full amount of the

attorneys' fees and costs paid to Class Counsel from the Settlement Fund, including any accrued interest.  In the event the attorney fees and costs awarded by the Court or any part of them are vacated, modified, reversed, or rendered void as a result of an appeal, Class Counsel shall within thirty (30) days repay to Defendant, based upon written instructions provided by Defendant's Counsel, the attorneys' fees and costs paid to Class Counsel and/or Class Representatives from the Settlement Fund, in the amount vacated or modified, including any accrued interest.

## 10.    MISCELLANEOUS PROVISIONS.

**10.1**    The Parties (a) acknowledge that it is their intent to consummate this Settlement Agreement; and (b) agree, subject to their fiduciary and other legal obligations, to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of this Agreement, to exercise their reasonable best efforts to accomplish the foregoing terms and conditions of this Agreement, to secure final approval, and to defend the Final Judgment through any and all appeals.  Class Counsel and Defendant's Counsel agree to cooperate with one another in seeking Court approval of the Settlement Agreement, entry of the Preliminary Approval Order, and the Final Judgment, and promptly to agree upon and execute all such other documentation as may be reasonably required to obtain final approval of the Agreement.

**10.2**    The Parties intend this Settlement Agreement to be a final and complete resolution of all disputes between them with respect to the Released Claims by Plaintiffs, the Settlement Class and each or any of them, on the one hand, against the Released Parties, and each or any of the Released Parties, on the other hand.  Accordingly, the Parties agree not to assert in any forum that the Action was brought by Plaintiffs or defended by Defendant, or each or any of them, in bad faith or without a reasonable basis.

**10.3**    The Parties have relied upon the advice and representation of counsel, selected by them, concerning their respective legal liability for the claims hereby released.  The Parties have

read and understand fully the above and foregoing agreement and have been fully advised as to the legal effect thereof by counsel of their own selection and intend to be legally bound by the same.

**10.4**      Whether or not the Effective Date occurs or the Settlement Agreement is terminated, neither this Agreement nor the settlement contained herein or any term, provision or definition therein, nor any act or communication performed or document executed in the course of negotiating, implementing or seeking approval pursuant to or in furtherance of this Agreement or the settlement:

**(a)**      is, may be deemed, or shall be used, offered or received in any civil, criminal or administrative proceeding in any court, administrative agency, arbitral proceeding or other tribunal against the Released Parties, or each or any of them, as an admission, concession or evidence of, the validity of any Released Claims, the truth of any fact alleged by the Plaintiffs, the deficiency of any defense that has been or could have been asserted in the Action, the violation of any law or statute, the definition or scope of any term or provision, the reasonableness of the settlement amount or the Fee Award, or of any alleged wrongdoing, liability, negligence, or fault of the Released Parties, or any of them.  Defendant, while continuing to deny all allegations of wrongdoing and disclaiming all liability with respect to all claims, considers it desirable to resolve the action on the terms stated herein to avoid further expense, inconvenience, and burden, and therefore has determined that this settlement is in Defendant's best interests.  Any public statements made by Plaintiff or Class Counsel will be consistent with this paragraph;

**(b)**      is, may be deemed, or shall be used, offered or received against any Released Party, as an admission, concession or evidence of any fault, misrepresentation or

omission with respect to any statement or written document approved or made by the Released Parties, or any of them;

(c)    is, may be deemed, or shall be used, offered or received against the Released Parties, or each or any of them, as an admission or concession with respect to any liability, negligence, fault or wrongdoing as against any Released Parties, or supporting the certification of a litigation class, in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal.  However, the settlement, this Agreement, and any acts performed and/or documents executed in furtherance of or pursuant to this Agreement and/or Settlement may be used in any proceedings as may be necessary to effectuate the provisions of this Agreement.  Further, if this Settlement Agreement is approved by the Court, any Party or any of the Released Parties may file this Agreement and/or the Final Judgment in any action that may be brought against such Party or Parties in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim;

(d)    is, may be deemed, or shall be construed against Plaintiffs, the Settlement Class, the Releasing Parties, or each or any of them, or against the Released Parties, or each or any of them, as an admission or concession that the consideration to be given hereunder represents an amount equal to, less than or greater than that amount that could have or would have been recovered after trial; and

(e)    is, may be deemed, or shall be construed as or received in evidence as an admission or concession against Plaintiffs, the Settlement Class, the Releasing Parties, or each and any of them, or against the Released Parties, or each or any of them, that any of Plaintiffs'

claims are with or without merit or that damages recoverable in the Action would have exceeded or would have been less than any particular amount.

**10.5**    The Parties acknowledge that (a) any certification of the Settlement Class as set forth in this Agreement, including certification of the Settlement Class for settlement purposes in the context of Preliminary Approval, shall not be deemed a concession that certification of a litigation class is appropriate, or that the Settlement Class definition would be appropriate for a litigation class, nor would Defendant be precluded from challenging class certification in further proceedings in the Action or in any other action if the Settlement Agreement is not finalized or finally approved; (b) if the Settlement Agreement is not finally approved by the Court for any reason whatsoever, then any certification of the Settlement Class will be void, the Parties and the Action shall be restored to the status quo ante, and no doctrine of waiver, estoppel or preclusion will be asserted in any litigated certification proceedings in the Action or in any other action; and (c) no agreements made by or entered into by Defendant in connection with the Settlement may be used by Plaintiffs, any person in the Settlement Class, or any other person to establish any of the elements of class certification in any litigated certification proceedings, whether in the Action or any other judicial proceeding.

**10.6**    No person or entity shall have any claim against the Class Representatives, Class Counsel, the Settlement Administrator or any other agent designated by Class Counsel, or the Released Parties and/or their counsel, arising from distributions made substantially in accordance with this Agreement.  The Parties and their respective counsel, and all other Released Parties shall have no liability whatsoever for the investment or distribution of the Settlement Fund or the determination, administration, calculation, or payment of any claim or nonperformance of the Settlement Administrator, the payment or withholding of taxes (including interest and penalties) owed by the Settlement Fund, or any losses incurred in connection therewith.

**10.7**     The headings used herein are used for the purpose of convenience only and are not meant to have legal effect.

**10.8**     The waiver by one Party of any breach of this Agreement by any other Party shall not be deemed as a waiver of any other prior or subsequent breaches of this Agreement.

**10.9**     All of the Exhibits to this Agreement are material and integral parts thereof and are fully incorporated herein by this reference.

**10.10**    This Agreement and its Exhibits set forth the entire agreement and understanding of the Parties with respect to the matters set forth herein, and supersede all prior negotiations, agreements, arrangements and undertakings with respect to the matters set forth herein, including, without limitation, the memorandum of understanding executed on March 31, 2022. No representations, warranties or inducements have been made to any Party concerning this Settlement Agreement or its Exhibits other than the representations, warranties and covenants contained and memorialized in such documents.  This Agreement may be amended or modified only by a written instrument signed by or on behalf of all Parties or their respective successors-in-interest.

**10.11**    Except as otherwise provided herein, each Party shall bear its own costs.

**10.12**    Plaintiffs represent and warrant that they have not assigned any claim or right or interest therein as against the Released Parties to any other Person or Party and that they are fully entitled to release the same.  Plaintiffs further represent and warrant that they have not filed, caused to be filed, or presently are a party to any claim against Defendant, except the Action, which will be dismissed with Prejudice pursuant to the terms of this Agreement.  Plaintiffs agree to seek approval of this Agreement and dismissal of this Action with prejudice in its entirety as outlined in this Agreement.

**10.13**   Unless otherwise agreed in writing, Plaintiffs and Class Counsel shall not issue any press releases, website advertisements, or statements to the media or otherwise in which Defendant is identified or which might directly or indirectly suggest that Defendant has engaged in wrongful conduct.  This Paragraph does not preclude Class Counsel from advising any Settlement Class Member. If Plaintiffs or Class Counsel is contacted by anyone other than a member of the Settlement Class regarding this Agreement, they shall respond by stating only that "the matter has been resolved."

**10.14**   Each counsel or other Person executing this Settlement Agreement, any of its Exhibits, or any related settlement documents on behalf of any Party hereto, hereby warrants and represents that such Person has the full authority to do so and has the authority to take appropriate action required or permitted to be taken pursuant to the Agreement to effectuate its terms.

**10.15**   This Agreement may be executed in one or more counterparts.  Signature by digital means, facsimile, or in PDF format will constitute sufficient execution of this Agreement. All executed counterparts and each of them shall be deemed to be one and the same instrument. A complete set of original executed counterparts shall be filed with the Court if the Court so requests.

**10.16**   This Settlement Agreement shall be binding upon, and inure to the benefit of, the successors and assigns of the Parties hereto and the Released Parties.

**10.17**   The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of this Agreement, and all Parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the settlement embodied in this Agreement.

**10.18**   This Settlement Agreement shall be governed by and construed in accordance with the substantive laws of the State of New York without giving effect to its conflict of laws provisions.

**10.19**   Plaintiffs and Class Counsel shall continue to treat as confidential all financial and class-related materials provided to Class Counsel as part of the Parties' mediation and Settlement.  Upon dismissal of this action, Plaintiffs and Class Counsel shall permanently delete from their files and/or return to UT's counsel any confidential files produced by UT in this Action.  Provided, however, that nothing herein shall preclude Plaintiffs and Class Counsel from describing those materials in public Court filings necessary to obtain Court approval of the Settlement.

**10.20**   This Agreement is deemed to have been prepared by counsel for all Parties, as a result of arm's-length negotiations among the Parties.  Because all Parties have contributed substantially and materially to the preparation of this Agreement, it shall not be construed more strictly against one Party than another.

**10.21**   Once the Parties and their counsel execute this Agreement, the Court will resolve any and all disputes that arise as to the interpretation or enforcement of this Agreement.

**10.19**   Where this Agreement requires notice to the Parties, such notice shall be sent to the undersigned counsel:  Philip L. Fraietta, Bursor & Fisher, P.A., 888 Seventh Avenue, New York, NY 10019; Jonathan M. Kozak, Jackson Lewis P.C., 44 South Broadway, 14th Floor, White Plains, NY 10601.

**THE SIGNATORIES HAVE CAREFULLY READ THIS ENTIRE AGREEMENT WHICH CONTAINS RELEASES ON BEHALF OF THE PLAINTIFFS AND THE SETTLEMENT CLASS, THE PARTIES HAVE BEEN REPRESENTED BY COUNSEL THROUGHOUT THE NEGOTIATION OF THIS AGREEMENT, AND HAVE CONSULTED WITH THEIR ATTORNEYS BEFORE SIGNING THIS AGREEMENT. THE PARTIES FULLY UNDERSTAND THE FINAL AND BINDING EFFECT OF THIS AGREEMENT.  THE ONLY PROMISES OR REPRESENTATIONS MADE TO ANY SIGNATORY ABOUT THIS AGREEMENT ARE CONTAINED IN THIS AGREEMENT.**

**HAVING ELECTED TO EXECUTE THIS AGREEMENT WHICH CONTAINS RELEASES ON BEHALF OF PLAINTIFFS AND THE SETTLEMENT CLASS TO FULFILL THE PROMISES SET FORTH HEREIN, AND TO RECEIVE THEREBY THE SETTLEMENT SUMS AND BENEFITS SET FORTH ABOVE, PLAINTIFFS, PERSONALLY AND ON BEHALF OF THE SETTLEMENT CLASS, FREELY AND KNOWINGLY AND AFTER DUE CONSIDERATION, ENTER INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL CLAIMS AS IDENTIFIED IN THIS AGREEMENT AGAINST RELEASED PARTIES. THE PARTIES ARE SIGNING THIS AGREEMENT VOLUNTARILY AND KNOWINGLY.**

**IT IS SO AGREED TO BY THE PARTIES**:

Dated: _May 17, 2022_                          **JADE D'AMARIO**

By: _Jade D'Amario (May 17, 2022 13:24 EDT)_____
Jade D'Amario, individually and as representative of the Class

Dated: _____                          **JOSHUA DUNN**

By:_____
Joshua Dunn, individually and as representative of the Class

Dated: _____                          **THE UNIVERSITY OF TAMPA**

By:_____

Name: _____

Title: _____

**IT IS SO STIPULATED BY COUNSEL:**

Dated: _May 18, 2022_                          **BURSOR & FISHER, P.A.**

By: _____
Philip L. Fraietta
pfraietta@bursor.com
Alec M. Leslie
aleslie@bursor.com
BURSOR & FISHER, P.A.
888 Seventh Avenue
New York, New York 10019
Tel:  (646) 837-7150

**HAVING ELECTED TO EXECUTE THIS AGREEMENT WHICH CONTAINS RELEASES ON BEHALF OF PLAINTIFFS AND THE SETTLEMENT CLASS TO FULFILL THE PROMISES SET FORTH HEREIN, AND TO RECEIVE THEREBY THE SETTLEMENT SUMS AND BENEFITS SET FORTH ABOVE, PLAINTIFFS, PERSONALLY AND ON BEHALF OF THE SETTLEMENT CLASS, FREELY AND KNOWINGLY AND AFTER DUE CONSIDERATION, ENTER INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL CLAIMS AS IDENTIFIED IN THIS AGREEMENT AGAINST RELEASED PARTIES. THE PARTIES ARE SIGNING THIS AGREEMENT VOLUNTARILY AND KNOWINGLY.**

**IT IS SO AGREED TO BY THE PARTIES**:

Dated: _____          **JADE D'AMARIO**

                                By: _____
                                Jade D'Amario, individually and as representative
                                of the Class

Dated: May 17, 2022          **JOSHUA DUNN**

                                *Joshua Dunn*
                                By: _____
                                Joshua Dunn (May 17, 2022 19:52 EDT)
                                Joshua Dunn, individually and as representative of
                                the Class

Dated: _____          **THE UNIVERSITY OF TAMPA**

                                By: _____

                                Name: _____

                                Title: _____

**IT IS SO STIPULATED BY COUNSEL:**

Dated: _____          **BURSOR & FISHER, P.A.**

                                By: _____
                                Philip L. Fraietta
                                pfraietta@bursor.com
                                Alec M. Leslie
                                aleslie@bursor.com
                                BURSOR & FISHER, P.A.
                                888 Seventh Avenue
                                New York, New York 10019
                                Tel:  (646) 837-7150

34

**HAVING ELECTED TO EXECUTE THIS AGREEMENT WHICH CONTAINS RELEASES ON BEHALF OF PLAINTIFFS AND THE SETTLEMENT CLASS TO FULFILL THE PROMISES SET FORTH HEREIN, AND TO RECEIVE THEREBY THE SETTLEMENT SUMS AND BENEFITS SET FORTH ABOVE, PLAINTIFFS, PERSONALLY AND ON BEHALF OF THE SETTLEMENT CLASS, FREELY AND KNOWINGLY AND AFTER DUE CONSIDERATION, ENTER INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL CLAIMS AS IDENTIFIED IN THIS AGREEMENT AGAINST RELEASED PARTIES. THE PARTIES ARE SIGNING THIS AGREEMENT VOLUNTARILY AND KNOWINGLY.**

**IT IS SO AGREED TO BY THE PARTIES:**

Dated: _____        **JADE D'AMARIO**

                              By:_____
                              Jade D'Amario, individually and as representative
                              of the Class

Dated: _____        **JOSHUA DUNN**

                              By:_____
                              Joshua Dunn, individually and as representative of
                              the Class

Dated: 05.025.02022          **THE UNIVERSITY OF TAMPA**

                              By: *Ronald L. Vaughn*
                              Name: *Ronald L. Vaughn*
                              Title: *President*

**IT IS SO STIPULATED BY COUNSEL:**

Dated: _____        **BURSOR & FISHER, P.A.**

                              By: _____
                              Philip L. Fraietta
                              pfraietta@bursor.com
                              Alec M. Leslie
                              aleslie@bursor.com
                              BURSOR & FISHER, P.A.
                              888 Seventh Avenue
                              New York, New York 10019
                              Tel:  (646) 837-7150

Fax:  (212) 989-9163

Sarah N. Westcot
swestcot@bursor.com
BURSOR & FISHER, P.A.
701 Brickell Avenue, Suite 1420
Miami, Florida 33131
Tel:  (305) 330-5512
Fax:  (925) 407-2700

*Attorneys for Class Representatives and the
Settlement Class*

Dated:  _____          **JACKSON LEWIS P.C.**


By:_____
Jonathan M. Kozak
jonathan.kozak@jacksonlewis.com
JACKSON LEWIS P.C.
44 South Broadway, 14th Floor
White Plains, NY 10601
Tel:  (914) 872-8060

&

Felice B. Ekelman
felice.ekelman@jacksonlewis.com
Ryan C. Chapoteau
Ryan.chapoteau@jacksonlewis.com
JACKSON LEWIS P.C.
666 Third Avenue, 29th Floor
New York, NY 10017
Tel:  (212) 545-4000

*Attorneys for Defendant The University of Tampa*

4881-9213-6987, v. 5

35

Fax:  (212) 989-9163

Sarah N. Westcot
swestcot@bursor.com
BURSOR & FISHER, P.A.
701 Brickell Avenue, Suite 1420
Miami, Florida 33131
Tel:  (305) 330-5512
Fax:  (925) 407-2700

*Attorneys for Class Representatives and the
Settlement Class*

Dated:  5/25/2022

JACKSON LEWIS P.C.

By:

Jonathan M. Kozak
jonathan.kozak@jacksonlewis.com
JACKSON LEWIS P.C.
44 South Broadway, 14th Floor
White Plains, NY 10601
Tel:  (914) 872-8060

&

Felice B. Ekelman
felice.ekelman@jacksonlewis.com
Ryan C. Chapoteau
Ryan.chapoteau@jacksonlewis.com
JACKSON LEWIS P.C.
666 Third Avenue, 29th Floor
New York, NY 10017
Tel:  (212) 545-4000

*Attorneys for Defendant The University of Tampa*

4881-9213-6987, v. 5

**EXHIBIT A**

## <u>The University of Tampa Settlement Election Form</u>

Please complete this form by [DATE] if you wish to:  (i) receive your share of the Settlement by Venmo or PayPal; (ii) apply your share of the Settlement Fund to future credits should you wish to re-enroll or continue enrollment at UT, provided however that credit issued as part of the settlement must be used no later than the start of the Fall 2023 semester (on August 28, 2023) and, if not used by this time, the credit will expire and no other refund or credit will be provided to you regardless of whether you actually use such credit; or (iii) direct your share of the Settlement Fund as a gift to The University of Tampa.

**You are not required to complete this form in order to receive a payment.  If you do not complete this form, you will receive your share of the Settlement Fund in the form of a check sent to your last known mailing address.  If you would like to update your mailing address please click [here].**

☐          **OPTION ONE:  RECEIVE A CASH PAYMENT**

Check     ☐     Mailing Address: _____

Venmo     ☐     Venmo Username: _____

PayPal    ☐     PayPal Email: _____

☐     **OPTION TWO:  RECEIVE MY SHARE OF THE SETTLEMENT AS CREDIT TO USE AT UT BEFORE THE FALL 2023 SEMESTER (ON AUGUST 28, 2023)**

☐     **OPTION THREE:  DIRECT MY SHARE OF THE SETTLEMENT AS A GIFT TO THE UNIVERSITY OF TAMPA FOR DEPOSIT INTO A SCHOLARSHIP FUND ADMINISTERED BY THE UNIVERSITY OF TAMPA FOR THE BENEFIT OF ITS STUDENTS**

| | |
|---|---|
| **ELECTRONIC SIGNATURE** | **DATE** |

4887-1341-7499, v. 3

**EXHIBIT B**

From:   SettlementAdminstrator@utsettlement.com
To:       JonQClassMember@domain.com
Re:       Legal Notice of Class Action Settlement

## NOTICE OF PROPOSED CLASS ACTION SETTLEMENT
### *D'Amario v. The University of Tampa*, Case No. 7:20-cv-03744-CS
**(United States District Court for the Southern District of New York)**

This notice is to inform you of the settlement of a class action lawsuit with The University of Tampa ("UT") the Defendant in this case.  Plaintiffs Jade D'Amario and Joshua Dunn allege that Defendant breached its contract with its students to provide physically in-person, on-campus educational services for the Spring 2020 Semester by transitioning to remote learning and services in March 2020 without issuing tuition and fee refunds.  UT denies all allegations of wrongdoing and liability.  There has been no finding of liability by any Court.  However, in order to support its students and to resolve the matter, but without admitting any wrongdoing, UT has agreed to establish a Settlement Fund to resolve all claims in the Action (the "Settlement").

**Am I a Class Member?** UT's records indicate you may be a Class Member. Class Members are persons who are/were students who paid, or on whose behalf was paid, tuition and fees to Defendant for the Spring 2020 Semester and who remained enrolled as of March 1, 2020.

**What Can I Get?** A Settlement Fund of $3,400,000.00 has been established to pay all claims to the Settlement Class, together with notice and administration expenses, approved attorneys' fees and costs, and incentive awards.  If you are entitled to relief, you will receive a *pro rata* share of the Settlement Fund, which *pro rata* share will be based on the total out-of-pocket amount of tuition and fees (excluding room and board) paid for the Spring 2020 Semester.

**How Do I Get a Payment?** If you are a Class Member, you will automatically receive a *pro rata* share of the Settlement Fund, so long as you do not request to be excluded from the Settlement Class. Your payment will come by check to the residential address on file with UT.  By visiting the Settlement Website at www.utsettlement.com, you may instead opt to: (i) receive your payment by check at a different mailing address or by Venmo or PayPal; (ii) apply your payment to future credits at UT to be used no later than the start of the Fall 2023 semester (on August 28, 2023); or (iii) direct your payment as a gift to UT for deposit into a scholarship fund administered by UT for the benefit of its students.  You may also visit the Settlement Website to update your mailing address.  You do not need to provide any information to participate.  UT has provided to Class Counsel a list of the Class Members and their contact information.  Also, the Court has issued an order permitting UT, under the Family Educational Rights and Privacy Act ("FERPA"), to disclose to the settlement administrator and Class Counsel, the Spring 2020 Semester out-of-pocket amount for each Class Member.  UT will release that information no later than five (5) business days after [objection/exclusion deadline].  On or before [objection/exclusion deadline], you as a Class Member have the option to request that the Court quash its order requiring such disclosure as to your information.

**What are My Other Options?** You may exclude yourself from the Class by sending a letter to the settlement administrator no later than [**objection/exclusion deadline**]. If you exclude yourself,

you cannot get a settlement payment, but you keep any rights you may have to sue the Defendant over the legal issues in the lawsuit. If you do not exclude yourself, you may object to the Settlement if you choose to do so.  You and/or your lawyer have the right to appear before the Court and/or object to the proposed settlement. Your written objection must be filed no later than [**objection/exclusion deadline**]. Specific instructions about how to object to, or exclude yourself from, the Settlement are available at [www.utsettlement.com].  If you do nothing, and the Court approves the Settlement, you will be bound by all of the Court's orders and judgments. In addition, your claims relating to the alleged breach of contract and unjust enrichment causes of action asserted in this case or which could have been brought in this case based upon the facts alleged regarding the Spring 2020 Semester will be released.

**Who Represents Me?** The Court has appointed Philip L. Fraietta, Alec M. Leslie, and Sarah N. Westcot of Bursor & Fisher, P.A to represent the class.  These attorneys are called Class Counsel. You will not be charged for these lawyers. If you want to be represented by your own lawyer in this case, you may hire one at your expense.

**When Will the Court Consider the Proposed Settlement?** The Court will hold the Final Approval Hearing at _____.m. on [date] at United States District Court for the Southern District of New York, 300 Quarropas Street, White Plains, NY 10601.  This hearing may be adjourned to a different date or may ultimately be conducted remotely.  Please check the Settlement Website for updates.  At that hearing, the Court will: hear any objections concerning the fairness of the settlement; determine the fairness of the settlement; decide whether to approve Class Counsel's request for attorneys' fees, costs, and expenses; and decide whether to award the Class Representatives $10,000 each from the Settlement Fund for their services in helping to bring and settle this case. Defendant has agreed that Class Counsel may be paid reasonable attorneys' fees from the Settlement Fund in an amount to be determined by the Court.  Class Counsel will seek no more than one-third of the Settlement Fund, but the Court may award less than this amount.

**How Do I Get More Information?** For more information, including a more detailed Notice, Claim Form, a copy of the Settlement Agreement and other documents, go to www.utsettlement.com, contact the settlement administrator at 1-___-___-____ or UT Settlement Administrator, [address], or call Class Counsel at 1-646-837-7150.

4889-0609-3595, v. 3

**EXHIBIT C**

COURT AUTHORIZED NOTICE OF CLASS
ACTION AND PROPOSED SETTLEMENT

UT's RECORDS
INDICATE YOU WERE
A STUDENT WHO PAID,
OR ON WHOSE BEHALF
WAS PAID, TUITION
AND FEES TO UT FOR
THE SPRING 2020
SEMESTER, YOU
REMAINED ENROLLED
ON MARCH 1, 2020,
AND MAY BE
ENTITLED TO A
PAYMENT FROM A
CLASS ACTION
SETTLEMENT.

UT Settlement
Settlement Administrator
P.O. Box 0000
City, ST 00000-0000

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖
Postal Service: Please do not mark barcode

XXX—«ClaimID»    «MailRec»

«First1» «Last1»
«C/O»
«Addr1»  «Addr2»
«City», «St»  «Zip» «Country»

By Order of the Court Dated: [date]

# UT SETTLEMENT

A settlement has been reached in a class action lawsuit claiming that Defendant, The University of Tampa, breached its contract with its students to provide physically in-person, on-campus educational services for the Spring 2020 Semester by transitioning to remote learning and services in March 2020 without issuing tuition and fee refunds.  UT denies all allegations of wrongdoing and liability.  There has been no finding of liability by any Court.  However, in order to support its students and to resolve the matter, but without admitting any wrongdoing, UT has agreed to establish a Settlement Fund to resolve all claims in the Action (the "Settlement").

**Am I a Class Member?** UT's records reflect you may be a Class Member. Class Members are persons who are/were students who paid, or on whose behalf was paid, tuition and fees to Defendant for the Spring 2020 Semester and who remained enrolled as of March 1, 2020.

**What Can I Get?** If approved by the Court, a Settlement Fund of $3,400,000.00 has been established to pay all claims to the Settlement Class, together with notice and administration expenses, approved attorneys' fees and costs, and an incentive award.  If you are entitled to relief, you will receive a pro rata share of the Settlement Fund, which pro rata share will be based on the total out-of-pocket amount of tuition and fees (excluding room and board) paid for the Spring 2020 Semester.

**How Do I Get a Payment?** If you are a Class Member, you will automatically receive a pro rata share of the Settlement Fund, so long as you do not request to be excluded from the Settlement Class. Your payment will come by check to the residential address on file with UT.  By visiting the Settlement Website at www.utsettlement.com, you may instead opt to:  (i) receive your payment by check at a different mailing address or by Venmo or PayPal; (ii) apply your payment to future credits at UT to be used no later than the start of the Fall 2023 semester (on August 28, 2023); or (iii) direct your payment as a gift to UT to be deposited into a scholarship fund administered by UT for the benefit of its students.  You may also visit the Settlement Website to update your mailing address.  You do not need to provide any information to participate.  UT has provided to Class Counsel a list of the Class Members and their contact information.  Also, the Court has issued an order permitting UT, under the Family Educational Rights and Privacy Act ("FERPA"), to disclose to the settlement administrator and Class Counsel, the Spring 2020 Semester out-of-pocket amount for each Class Member.  UT will release that information no later than five (5) business days after [objection/exclusion deadline], you as a Class Member have the option to request that the Court quash its order requiring such disclosure as to your information.

**What are My Other Options?** You may exclude yourself from the Class by sending a letter to the settlement administrator no later than [objection/exclusion deadline]. If you exclude yourself, you cannot get a settlement payment, but you keep any rights you may have to sue the Defendant over the legal issues in the lawsuit. If you do not exclude yourself, you may object to the Settlement if you choose to do so.  You and/or your lawyer have the right to appear before the Court and/or object to the proposed settlement. Your written objection must be filed no later than [objection/exclusion deadline]. Specific instructions about how to object to, or exclude yourself from, the Settlement are available at [www.utsettlement.com]. If you do nothing, and the Court approves the Settlement, you will be bound by all of the Court's orders and judgments. In addition, your claims relating to the alleged breach of contract and unjust enrichment causes of action asserted in this case or which could have been brought in this case based upon the facts alleged regarding the Spring 2020 Semester will be released.

**Who Represents Me?** The Court has appointed Philip L. Fraietta, Alec M. Leslie, and Sarah N. Westcot of Bursor & Fisher, P.A to represent the class. These attorneys are called Class Counsel.  You will not be charged for these lawyers. If you want to be represented by your own lawyer in this case, you may hire one at your expense.

**When Will the Court Consider the Proposed Settlement?** The Court will hold the Final Approval Hearing at _____.m. on [date] at United States District Court for the Southern District of New York, 300 Quarropas Street, White Plains, NY 10601.  This hearing may be adjourned to a different date or may ultimately be conducted remotely.  Please check the Settlement Website for updates.  At that hearing, the Court will: hear any objections concerning the fairness of the settlement; determine the fairness of the settlement; decide whether to approve Class Counsel's request for attorneys' fees, costs, and expenses; and decide whether to award the Class Representatives $10,000 each from the Settlement Fund for their services in helping to bring and settle this case. Defendant has agreed that Class Counsel may be paid reasonable attorneys' fees from the Settlement Fund in an amount to be determined by the Court.  Class Counsel will seek no more than one-third of the Settlement Fund, but the Court may award less than this amount.

**How Do I Get More Information?** For more information, including a more detailed Notice, Claim Form, a copy of the Settlement Agreement and other documents, go to www.utsettlement.com, contact the settlement administrator at 1-___-___-____ or UT Settlement Administrator, [address], or call Class Counsel at 1-646-837-7150.

UT Settlement Administrator
c/o [Settlement Administrator]
PO Box 0000
City, ST 00000-0000

XXX

4878-6728-2459, v. 3

**EXHIBIT D**

<u>**UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK**</u>
*D'Amario v. The University of Tampa*, Case No. 7:20-cv-03744-CS

IF YOU ARE/WERE A STUDENT WHO PAID, OR ON WHOSE BEHALF WAS PAID, TUITION AND FEES TO UT FOR THE SPRING 2020 SEMESTER, AND YOU REMAINED ENROLLED AS OF MARCH 1, 2020, YOU MAY BE ENTITLED TO A PAYMENT FROM A CLASS ACTION SETTLEMENT.

***A court authorized this notice. You are not being sued. This is not a solicitation from a lawyer.***

- A Settlement has been reached in a class action lawsuit against The University of Tampa ("UT" or "Defendant"). The class action lawsuit involves whether UT breached its contract with its students to provide physically in-person, on-campus educational services for the Spring 2020 Semester by transitioning to remote learning and services in March 2020 without issuing partial tuition and fee refunds. UT denies all allegations of wrongdoing and liability. There has been no finding of liability by any Court. However, in order to support its students and to resolve the matter, but without admitting any wrongdoing, UT has agreed to establish a Settlement Fund to resolve all claims in the Action (the "Settlement").

- You are included if you are/were a UT student who paid or on whose behalf payment was made to UT for Spring 2020 Semester and who remained enrolled as of March 1, 2020. Those included in the Settlement will be eligible to receive a *pro rata* (meaning equal) portion of the Settlement Fund, which will be based on the total out-of-pocket amount of tuition and fees (excluding room and board) paid for the Spring 2020 Semester.

- Read this notice carefully. Your legal rights are affected whether you act, or don't act.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **DO NOTHING** | You will receive a *pro rata* cash share of the Settlement benefits – based on the total out-of-pocket tuition and fees paid for the Spring 2020 Semester – and will give up your rights to sue the Defendant about the claims in this case.<br><br>Please be sure to update your address [here] if you have recently moved. |
| **SUBMIT AN ELECTION FORM BY [DATE]** | By submitting an Election Form [here], you may instead opt to: (i) receive your payment by check at a different mailing address than what UT has on file; (ii) receive your payment by Venmo or PayPal; (iii) apply your payment to future credits at UT to be used no later than the start of the Fall 2023 semester (on August 28, 2023); or (iv) direct your payment as a gift to UT for deposit into a scholarship fund administered by UT for the benefit of its students. |

| EXCLUDE YOURSELF BY [DATE] | You will receive no benefits, but you will retain any rights you currently have to sue the Defendant about the claims in this case. |
|---|---|
| OBJECT BY [DATE] | Write to the Court explaining why you don't like the Settlement. |
| GO TO THE HEARING ON [DATE] | Ask to speak in Court about your opinion of the Settlement. |

These rights and options—**and the deadlines to exercise them**—are explained in this Notice.

## BASIC INFORMATION

### 1.  Why was this Notice issued?

A Court authorized this notice because you have a right to know about a proposed Settlement of this class action lawsuit and about all of your options, before the Court decides whether to give final approval to the Settlement. This Notice explains the lawsuit, the Settlement, and your legal rights.

The Honorable Cathy Seibel, of the U.S. District Court for the Southern District of New York, is overseeing this case. The case is called *D'Amario v. The University of Tampa*, Case No. 7:20-cv-03744-CS.  The people who sued are called the Plaintiffs.  The Defendant is The University of Tampa.

### 2. What is a class action?

In a class action, one or more people called class representatives (in this case, Jade D'Amario and Joshua Dunn) sue on behalf of a group or a "class" of people who have similar claims.  In a class action, the court resolves the issues for all class members, except for those who exclude themselves from the Class.

### 3. What is this lawsuit about?

This lawsuit claims that Defendant breached its contract with its students to provide physically in-person, on-campus educational services for the Spring 2020 Semester by transitioning to remote learning and services in March 2020 without issuing partial tuition and fee refunds. The Defendant denies it violated any law or legally enforceable commitment or promise.  The Court has not determined who is right.  Rather, the Parties have agreed to settle the lawsuit to avoid the uncertainties and expenses associated with ongoing litigation.

### 4. Why is there a Settlement?

The Court has not decided whether the Plaintiffs or the Defendant should win this case. Instead, both sides agreed to a Settlement.  That way, they avoid the uncertainties and expenses associated with ongoing litigation, and Class Members will get compensation sooner rather than, if at all, after the completion of a trial.

## WHO'S INCLUDED IN THE SETTLEMENT?

### 5. How do I know if I am in the Settlement Class?

The Court decided that everyone who fits the following description is a member of the **Settlement Class**:

> All students and former students who paid, or on whose behalf payment was made, tuition and fees to Defendant for the Spring 2020 Semester, who remained enrolled as of March 1, 2020, and whose tuition and fees have not been refunded.

## THE SETTLEMENT BENEFITS

### 6. What does the Settlement provide?

***Monetary Relief***:  A Settlement Fund has been created totaling $3,400,000.00. Class Member payments, and the cost to administer the Settlement, the cost to inform people about the Settlement, attorneys' fees (inclusive of litigation costs), and an award to the Class Representative will also come out of this fund (*see* Question 12).

A detailed description of the settlement benefits can be found in the Settlement Agreement, a copy of which is accessible on the Settlement Website by clicking here. [insert hyperlink]

### 7. How much will my payment be?

The amount of this payment will depend on how many requests for exclusion are submitted.  Each Class Member who does not opt out of participating in the settlement will receive a proportionate share of the Settlement Fund, which will be based on the total out-of-pocket amount of tuition and fees (excluding room and board) paid by or for the Class Member for the Spring 2020 Semester.  You can contact Class Counsel at (646) 837-7150 to inquire as to the number of requests for exclusion that have been received to date.

### 8. When will I get my payment?

The hearing to consider the fairness of the settlement is scheduled for [Final Approval Hearing Date]. If the Court approves the settlement, eligible Class Members will receive their payment 28 days after the Settlement has been finally approved and/or

after any appeals process is complete.  The payment will be made in the form of a check, unless elected otherwise, and all checks will expire and become void 90 days after they are issued.

## HOW TO GET BENEFITS

**9. How do I get a payment?**

If you are a Class Member and you want to get a payment, do nothing and you will automatically receive a *pro rata* share of the Settlement Fund, which will be based on the total out-of-pocket amount of tuition and fees (excluding room and board) paid for the Spring 2020 Semester.  Your payment will come by check to the residential address on file with UT.  You may instead opt to: (i) receive your payment by check at a different mailing address than what UT has on file (ii) receive your payment by Venmo or PayPal; (iii) apply your payment to future credits at UT to be used no later than the start of the Fall 2023 semester (on August 28, 2023); or (iv) direct your payment as a gift to UT for deposit into a scholarship fund administered by UT for the benefit of its students by clicking here [insert hyperlink].  If you have changed addresses or are planning to change addresses prior to [insert date 28 days after final approval hearing date], please click here [insert hyperlink] to complete and submit a change of address form on the Settlement Website.

## REMAINING IN THE SETTLEMENT

**10. What am I giving up if I stay in the Class?**

If the Settlement becomes final, you will give up your right to sue the Defendant and other Released Parties for the claims being resolved by this Settlement.  The specific claims you are giving up against the Defendant are described in the Settlement Agreement.  You will be "releasing" the Defendant and certain of its affiliates, employees and representatives as described in Section 1.24 of the Settlement Agreement.  Unless you exclude yourself (*see* Question 13), you are "releasing" the claims, regardless of whether you submit a claim or not.  The Settlement Agreement is available through the "court documents" link on the website.

The Settlement Agreement describes the released claims with specific descriptions, so read it carefully.  If you have any questions you can talk to the lawyers listed in Question 11 for free or you can, of course, talk to your own lawyer if you have questions about what this means.

## THE LAWYERS REPRESENTING YOU

**11. Do I have a lawyer in the case?**

QUESTIONS? CALL (800) 000-0000 TOLL FREE, OR VISIT WWW.UTSETTLEMENT.COM

The Court has appointed Philip L. Fraietta, Alec M. Leslie, and Sarah N. Wescot of Bursor & Fisher, P.A. to be the attorneys representing the Settlement Class. They are called "Class Counsel." They believe, after conducting an extensive investigation, that the Settlement Agreement is fair, reasonable, and in the best interests of the Settlement Class. You will not be charged for these lawyers. If you want to be represented by your own lawyer in this case, you may hire one at your expense.

**12. How will the lawyers be paid?**

The Defendant has agreed that Class Counsel's attorneys' fees and costs may be paid out of the Settlement Fund in an amount to be determined by the Court. The fee petition will seek no more than one-third of the Settlement Fund, inclusive of reimbursement of their costs and expenses; the Court may award less than this amount. Under the Settlement Agreement, any amount awarded to Class Counsel will be paid out of the Settlement Fund.

Subject to approval by the Court, Defendant has agreed that the Class Representatives may request to receive a service award of $10,000 each from the Settlement Fund for their services in helping to bring and resolve this case.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

**13. How do I get out of the Settlement?**

To exclude yourself from the Settlement, you must submit a request for exclusion by 11:59 p.m. EST on [objection/exclusion deadline]. Requests for exclusion may be submitted either on the Settlement Website (via the online form accessible here [insert hyperlink]) or by mailing or otherwise deliver a letter (or request for exclusion) stating that you want to be excluded from the *D'Amario v. The University of Tampa*, Case No. 7:20-cv-03744-CS settlement. Your letter or request for exclusion must also include your name, your address, your signature, the name and number of this case, and a statement that you wish to be excluded. If you choose to submit a request for exclusion by mail, you must mail or deliver your exclusion request, postmarked no later than [objection/exclusion deadline], to the following address:

UT Settlement<br>
0000 Street<br>
City, ST 00000

**14. If I don't exclude myself, can I sue the Defendant for the same thing later?**

No. Unless you exclude yourself, you give up any right to sue the Defendant for the claims being resolved by this Settlement.

## 15. If I exclude myself, can I get anything from this Settlement?

No. If you exclude yourself, you will not receive any payment from the Settlement Fund.

## 16. What information is needed from me to participate in the Settlement?

None.  UT has provided to Class Counsel a list of the Class Members and their contact information.  Also, the Court has issued an order permitting UT, under the Family Educational Rights and Privacy Act ("FERPA"), to disclose to the settlement administrator and Class Counsel, the Spring 2020 Semester out-of-pocket amount for each Class Member.  UT will release that information no later than five (5) days after [objection/exclusion deadline].  On or before [objection/exclusion deadline], you as a Class Member have the option to request that the Court quash its order requiring such disclosure as to your information.

## OBJECTING TO THE SETTLEMENT

## 17. How do I object to the Settlement?

If you are a Class Member, and you have not elected to exclude yourself from the Settlement by opting out, you can object to the Settlement if you don't like any part of it.  You can give reasons why you think the Court should not approve it. The Court will consider your views.  To object, you must file with the Court a letter or brief stating that you object to the Settlement in *D'Amario v. The University of Tampa*, Case No. 7:20-cv-03744-CS and identify all your reasons for your objections (including citations and supporting evidence) and attach any materials you rely on for your objections. Your letter or brief must also include your name, your address, the basis upon which you claim to be a Class Member, the name and contact information of any and all attorneys representing, advising, or in any way assisting you in connection with your objection, and your signature.  If you, or an attorney assisting you with your objection, have ever objected to any class action settlement where you or the objecting attorney has asked for or received payment in exchange for dismissal of the objection (or any related appeal) without modification to the settlement, you must include a statement in your objection identifying each such case by full case caption. You must also mail or deliver a copy of your letter or brief to Class Counsel and Defendant's Counsel listed below.

Class Counsel will file with the Court and post on this website its request for attorneys' fees by [two weeks prior to objection deadline].

If you want to appear and speak at the Final Approval Hearing to object to the Settlement, with or without a lawyer (explained below in answer to Question Number 20), you must say so in your letter or brief.  File the objection with the Court (or mail the objection to the Court) and mail a copy of the objection to Class Counsel and Defendant's Counsel, at the addresses below, postmarked no later than **[objection deadline].**

QUESTIONS? CALL (800) 000-0000 TOLL FREE, OR VISIT WWW.UTSETTLEMENT.COM

| Court | Class Counsel | Defendant's Counsel |
|---|---|---|
| The Honorable Cathy Seibel United States District Court for the Southern District of New York 300 Quarropas Street White Plains, NY 10601 | Philip L. Fraietta Bursor & Fisher P.A. 888 Seventh Avenue New York, NY 10019 | Jonathan M. Kozak Jackson Lewis P.C. 44 South Broadway, 14th Floor White Plains, NY 10601 |

**18. What's the difference between objecting and excluding myself from the Settlement?**

Objecting simply means telling the Court that you don't like something about the Settlement. You can object only if you stay in the Class. Excluding yourself from the Class is telling the Court that you don't want to be part of the Class. If you exclude yourself, you have no basis to object because the case no longer affects you.

## THE COURT'S FINAL APPROVAL HEARING

**19. When and where will the Court decide whether to approve the Settlement?**

The Court will hold the Final Approval Hearing at _____.m. on [date] at United States District Court for the Southern District of New York, 300 Quarropas Street, White Plains, NY 10601. The purpose of the hearing will be for the Court to determine whether to approve the Settlement as fair, reasonable, adequate, and in the best interests of the Class; to consider the Class Counsel's request for attorneys' fees and expenses; and to consider the request for incentive awards to the Class Representatives. At that hearing, the Court will be available to hear any objections and arguments concerning the fairness of the Settlement.

The hearing may be postponed to a different date or time without notice, so it is a good idea to check for updates by visiting the Settlement Website at www.utsettlement.com or calling (800) 000-0000. If, however, you timely objected to the Settlement and advised the Court that you intend to appear and speak at the Final Approval Hearing, you will receive notice of any change in the date of the Final Approval Hearing.

**20. Do I have to come to the hearing?**

No. Class Counsel will answer any questions the Court may have. But, you are welcome to come at your own expense. If you send an objection or comment, you don't have to come to Court to talk about it. As long as you filed and mailed your written objection on time, the Court will consider it. You may also pay another lawyer to attend, but it's not required.

QUESTIONS? CALL (800) 000-0000 TOLL FREE, OR VISIT WWW.UTSETTLEMENT.COM

**21. May I speak at the hearing?**

Yes.  You may ask the Court for permission to speak at the Fairness Hearing.  To do so, you must include in your letter or brief objecting to the settlement a statement saying that it is your "Notice of Intent to Appear in *D'Amario v. The University of Tampa*, Case No. 7:20-cv-03744-CS."  It must include your name, address, telephone number and signature as well as the name and address of your lawyer, if one is appearing for you.  Your objection and notice of intent to appear must be filed with the Court and postmarked no later than **[objection deadline]**, and be sent to the addresses listed in Question 16.

## GETTING MORE INFORMATION

**22. Where do I get more information?**

This Notice summarizes the Settlement.  More details are in the Settlement Agreement.  You can get a copy of the Settlement Agreement at www.utsettlement.com.  You may also write with questions to UT Settlement, P.O. Box 0000, City, ST 00000.  You can call the Settlement Administrator at (800) 000-0000 or Class Counsel at (646) 837-7150, if you have any questions. Before doing so, however, please read this full Notice carefully. You may also find additional information elsewhere on the case website.

**EXHIBIT E**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JADE D'AMARIO and JOSHUA DUNN on behalf of themselves and all others similarly situated,<br><br>     Plaintiffs,<br><br>  v.<br><br>THE UNIVERSITY OF TAMPA,<br><br>     Defendant. | Case No. 7:20-cv-03744-CS |

## STIPULATION REGARDING UNDERTAKING RE: ATTORNEYS' FEES AND COSTS

Plaintiffs Jade D'Amario and Joshua Dunn and Defendant The University of Tampa ("UT") (collectively, "the Parties"), by and through and including their undersigned counsel, stipulate and agree as follows:

WHEREAS, Class Counsel and his law firm Bursor & Fisher P.A. desire to give an undertaking (the "Undertaking") for repayment of their award of attorney fees and costs, approved by the Court, and

WHEREAS, the Parties agree that this Undertaking is in the interests of all Parties and in service of judicial economy and efficiency.

NOW, THEREFORE, the undersigned Class Counsel, on behalf of himself and as the authorized agent for his law firm, hereby submits himself and his law firm and its members to the continued jurisdiction of the Court for the purpose of enforcing the provisions of this Undertaking.

Capitalized terms used herein without definition have the meanings given to them in the Settlement Agreement.

By receiving any payments pursuant to the Settlement Agreement, Bursor & Fisher, P.A. and its shareholders, members, and/or partners consent and submit to the continued jurisdiction of the United States District Court for the Southern District of New York for the adjudication and enforcement of and any and all disputes relating to or arising out of Class Counsel's reimbursement obligation set forth herein and the Settlement Agreement.  The Final Settlement Order and Judgment shall state that the Court retains jurisdiction over such disputes.

In the event that the Final Settlement Order and Judgment is vacated, overturned, reversed, or rendered void in whole or in part as a result of an appeal, or the Settlement Agreement is voided, rescinded, or otherwise terminated for any other reason, Class Counsel shall, within thirty (30) days repay to UT (either directly or to the Settlement Administrator at UT's option) the full amount of the attorneys' fees and costs paid by UT to Class Counsel, including any accrued interest.

In the event the attorney fees and costs awarded by the Court is vacated, modified, reversed, or rendered void in whole or in any part as a result of an appeal, Class Counsel shall within thirty (30) days repay to UT (either directly or to the settlement administrator at UT's option) the attorneys' fees and costs paid by UT to Class Counsel and/or Representative Plaintiff in the amount vacated or modified, including any accrued interest, as well as any administrative costs associated with redistributing such amount to the settlement class as may be required.

This Undertaking and all obligations set forth herein shall expire upon finality of all direct appeals of the Final Settlement Order and Judgment.

In the event Class Counsel fails to repay to UT any of attorneys' fees and costs that are owed to it pursuant to this Undertaking, the Court shall, upon application of UT, and notice to Class Counsel, summarily issue orders to direct and effectuate such repayment, including but not

limited to entry of judgments and issuance of attachment orders against each of Class Counsel, and may make appropriate findings for sanctions for contempt of court based upon such failure to pay.

The undersigned Mr. Bursor stipulates, warrants, and represents that he has both actual and apparent authority to enter into this stipulation, agreement, and undertaking on behalf of Bursor & Fisher, P.A. and its members.

This Undertaking may be executed in one or more counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument. Signatures by facsimile shall be as effective as original signatures.

The undersigned declare under penalty of perjury under the laws of the United States that they have read and understand the foregoing and that it is true and correct.

IT IS SO STIPULATED THROUGH COUNSEL OF RECORD:

DATED: May 18 , 2022          BURSOR & FISHER, P.A.

_____
By: Scott A. Bursor, individually and
on behalf of Bursor & Fisher, P.A.
Attorneys for Plaintiffs

DATED: May ___, 2022          JACKSON LEWIS P.C.

_____
By: Jonathan M. Kozak
Attorneys for Defendant The University of Tampa

4878-9231-7211, v. 2

limited to entry of judgments and issuance of attachment orders against each of Class Counsel, and may make appropriate findings for sanctions for contempt of court based upon such failure to pay.

The undersigned Mr. Bursor stipulates, warrants, and represents that he has both actual and apparent authority to enter into this stipulation, agreement, and undertaking on behalf of Bursor & Fisher, P.A. and its members.

This Undertaking may be executed in one or more counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument. Signatures by facsimile shall be as effective as original signatures.

The undersigned declare under penalty of perjury under the laws of the United States that they have read and understand the foregoing and that it is true and correct.

IT IS SO STIPULATED THROUGH COUNSEL OF RECORD:


DATED: May ___, 2022         BURSOR & FISHER, P.A.


                             _____
                             By: Scott A. Bursor, individually and
                             on behalf of Bursor & Fisher, P.A.
                             Attorneys for Plaintiffs


DATED: May 25, 2022          JACKSON LEWIS P.C.


                             _____
                             By: Jonathan M. Kozak
                             Attorneys for Defendant The University of Tampa

4878-9231-7211, v. 2