IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JADE D'AMARIO and JOSHUA DUNN, on behalf of themselves and all others similarly situated,<br><br>　　　　　　　　Plaintiffs,<br><br>　　v.<br><br>THE UNIVERSITY OF TAMPA,<br><br>　　　　　　　　Defendant. | Case No. 7:20-cv-03744-CS |

**DECLARATION OF PHILIP L. FRAIETTA IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

I, Philip L. Fraietta, pursuant to 28 U.S.C. § 1746, hereby declare as follows:

　　1.　　I am a partner at Bursor & Fisher, P.A., and I am Class Counsel in this action. I am an attorney at law licensed to practice in the State of New York, and I am a member of the bar of this Court. I have personal knowledge of the facts set forth in this declaration and, if called as a witness, I could and would testify competently thereto.

　　2.　　I make this declaration in support of Plaintiffs' unopposed motion for final approval of class action settlement filed herewith.

　　3.　　Attached hereto as **Exhibit A** is a true and correct copy of the Parties' Class Action Settlement Agreement.

*The Litigation And Settlement History*

　　4.　　On May 14, 2020, Toni Fiore filed a putative class action on behalf of Spring 2020 Semester UT on-campus students. (Dkt. 1.).

　　5.　　In response to the complaint, on July 31, 2020, UT filed a letter requesting a pre-

motion conference regarding its intent to file a motion to dismiss under Fed. R. Civ. P. 12(b)(6). (Dkt. 6).

6. On August 18, 2020, Ms. Fiore filed a letter informing the Court that she intended to file a First Amended Complaint pursuant to Fed. R. Civ. P. 15(a)(1). (Dkt. 12). And on August 19, 2020, Ms. Fiore filed a letter in response to UT's July 31, 2020 letter. (Dkt. 14).

7. On September 15, 2020, pursuant to Fed. R. Civ. P. 15(a)(1), Ms. Fiore filed a First Amended Class Action Complaint, adding Plaintiffs Jade D'Amario and Joshua Dunn as named plaintiffs, as well as Sean Dunn. (Dkt. 16).

8. In response to the amended complaint, on October 15, 2020, UT filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). (Dkt. 19). On November 13, 2020, Plaintiffs filed an opposition to the motion to dismiss. (Dkt. 26). And on December 4, 2020, UT filed a reply in support of its motion to dismiss. (Dkt. 28).

9. On July 16, 2021, with the motion to dismiss still pending, UT filed a letter requesting leave to file supplemental briefing regarding Florida Statute § 768.39, which was signed into law on June 29, 2021. (Dkt. 36).

10. On July 19, 2021, the Court granted the Parties leave to file supplemental briefing regarding Florida Statute § 768.39. (Dkt. 37). UT filed its supplemental brief on July 30, 2021. (Dkt. 38). Plaintiffs filed their response on August 10, 2021. (Dkt. 40). And UT filed its reply on August 16, 2021. (Dkt. 42).

11. On October 20, 2021, the Court issued an Opinion & Order granting in part and denying in part the motion to dismiss and dismissing with prejudice Ms. Fiore and Mr. Sean Dunn as named plaintiffs for lack of standing. (Dkt. 44).

12. On November 3, 2021, Plaintiffs filed the operative Second Amended Complaint.

(Dkt. 45).

13.     On November 17, 2021, UT filed an Answer to the Second Amended Complaint, denying the allegations generally and asserting twenty-six affirmative and other defenses. (Dkt. 47).

14.     On January 5, 2022, the Court held an initial scheduling conference and issued an Civil Case Discovery Plan and Scheduling Order. (Dkt. 51).

15.     From the outset of the case, the Parties engaged in direct communication, and as part of their obligation under Fed. R. Civ. P. 26(f), discussed the prospect of resolution.

16.     To that end, the Parties exchanged settlement materials and conducted various settlement-related phone calls. Ultimately, after Defendant's motion to dismiss had been denied in part, the Parties agreed to participate in a private mediation with The Honorable Joseph P. Farina (Ret.) of JAMS Miami. Judge Farina was formerly Chief Judge in the 11th Judicial District in Florida.

17.     In advance of this mediation, the Parties exchanged informal discovery, including the total out-of-pocket amount paid for in-person tuition and fees for the Spring Semester 2020. The Parties also prepared lengthy, detailed mediation statements, and presented comprehensive legal and factual arguments in mediation airing their respective legal arguments and theories on potential damages. UT also provided extensive financial records detailing tuition and fees collected for the Spring Semester 2020. Class Counsel also spoke with potential merits and damages experts concerning the strengths and weaknesses of the case, as well as the strengths and weaknesses of UT's arguments and defenses. Given that this information was the same or largely similar to discovery that would be produced in formal discovery related to class certification and summary judgment, the Parties were able to sufficiently assess the strengths and

weaknesses of their cases before the mediation.

18. On March 31, 2022, the Parties participated in a full-day mediation with Judge Farina. The Parties executed a term sheet after approximately 9 hours of mediation.

19. Following the March 31, 2022 mediation session, the Parties finalized the settlement through several weeks of additional negotiations and other extensive communications.

20. The resulting Settlement creates a $3,400,000.00 settlement fund, which will be used to pay all approved claims by class members, notice and administration expenses, Court-approved incentive awards to Plaintiffs, and attorneys' fees to proposed Class Counsel to the extent awarded by the Court.

21. Pursuant to the terms of the Proposed Settlement, Settlement Class Members (which consist of approximately 9,085 current and former UT students) will automatically receive a *pro rata* cash payment as a percentage of the total amount of tuition and fees he or she paid to the University of Tampa for the Spring Semester 2020, unless he or she excludes him or herself from the Settlement. In other words, Settlement Class Members will not be required to submit a claim form in order to receive a *pro rata* cash payment.

22. The *pro rata* cash award for each Settlement Class Member will be equal to the Settlement Class Member's out-of-pocket percentage multiplied by the Available Settlement Fund. The Notice gave Settlement Class Members the ability to opt to receive the Cash Award by check, Venmo, or PayPal, but in the event a Settlement Class Member did not select an option, the default payment method will be check mailed to the Settlement Class Member's last known address.

*Factors Supporting Final Approval*

23. The Parties agreed to the terms of the Settlement through experienced counsel

who possessed all the information necessary to evaluate the case, determine all contours of the proposed class, and reach a fair and reasonable compromise after negotiating the terms of the Settlement at arms'-length and with the assistance of a neutral mediator.

24. Plaintiffs and Class Counsel recognize that despite our belief in the strength of Plaintiffs' claims, and Plaintiffs' and the Class's ability to ultimately secure an award of damages, the expense, duration, and complexity of protracted litigation would be substantial and the outcome of trial uncertain. Thus, the Settlement secures a more proximate and more certain monetary benefit to the Class than continued litigation.

25. Plaintiffs and Class Counsel are also mindful that absent a settlement, the success of Defendant's various defenses in this case could deprive the Plaintiffs and the Settlement Class Members of any potential relief whatsoever. Indeed, a number of courts across the country – including in New York – have granted motions to dismiss tuition refund claims. *See, e.g.*, *Moore v. Long Island Univ.*, 2022 WL 203988 (E.D.N.Y. Jan. 24, 2022); *Croce v. St. Joseph's College*, 73 Misc.3d 632 (Sup. Ct. Suffolk Cnty. Oct. 1, 2021); *Fedele v. Marist College*, 2021 WL 3540432 (S.D.N.Y. Aug. 10, 2021); *Hewitt v. Pratt Institute*, 2021 WL 2779286 (E.D.N.Y. July 2, 2021); *Rynasko v. New York Univ.*, 2021 WL 1565614, at *4 (S.D.N.Y. Apr. 21, 2021; *Burt v. Bd. Of Trustees of Univ. of Rhode Island*, 2021 WL 825398, at *10 (D.R.I. Mar. 4, 2021); *Alexander et al. v. Johnson & Wales Univ.*, 2021 WL 825398, at *10 (D.R.I. Mar. 4, 2021); *Simmons Telep v. Roger Williams Univ.*, 2021 WL 825398, at *10 (D.R.I. Mar. 4, 2021); *Crista v. Drew Univ.*, 2021 WL 1422935, at *12 (D.N.J. Apr. 14, 2021), *reconsideration denied sub nom.*, 2021 WL 2310094 (D.N.J. June 7, 2021); *Mitelberg v. Stevens Inst. of Tech.*, 2021 WL 2103265, at *5-6 (D.N.J. May 25, 2021); *Ryan v. Temple Univ.*, 2021 WL 1581563, at *11 (E.D. Pa. Apr. 22, 2021). Other courts have denied class certification, *see De León v. New York*

*University*, 2022 WL 2237452 (S.D.N.Y. June 22, 2022), and others have granted summary judgment in favor of the university defendants. *See Randall v. University of the Pacific*, 2022 WL 1720085 (N.D. Cal. May 28, 2022); *Choi v. Brown University*, -- F. Supp. 3d --, 2022 WL 843762 (D.R.I. Mar. 22, 2022); *Berlanga et al v. University of San Francisco*, Case No. CGC-20-584829 (Ca. Super. Ct. San Fran. Cnty.) (July 19, 2022 Order, granting summary judgment for defendant on all counts except California's UCL); *Zwiker v. Lake Superior State Univ.*, -- N.W.2d --, 2022 WL 414183 (Mich. Ct. App. Feb. 10, 2022) (affirming trial court grant of motions for summary disposition in three consolidated matters)..

26. Defendant is also represented by highly experienced attorneys who have made clear that absent a settlement, they are prepared to continue their vigorous defense of this case. Plaintiffs and Class Counsel are also aware that Defendant would continue to challenge liability as well as assert a number of defenses on the merits. Looking beyond trial, Plaintiffs are also keenly aware that Defendant could appeal the merits of any adverse decision, thereby further delaying any potential recovery for the class.

27. Plaintiffs and Class Counsel believe that the monetary relief provided by the Settlement weighs heavily in favor of finding that the Settlement is fair, reasonable, and adequate, and well within the range of approval.

28. On June 3, 2022, the Court granted Plaintiffs' Motion for Preliminary Approval (ECF No. 65).

29. Since the Court granted preliminary approval, Class Counsel has worked with the Settlement Administrator, JND Legal Administration ("JND"), to carry out the Court-ordered notice plan. As detailed in the accompany Declaration of Ryan Bahry ("Bahry Declaration"), the Court-ordered notice plan has been carried out in its entirety, and direct notice was delivered by

email or postcard to 99.7% of the Settlement Class.

30. Pursuant to the Preliminary Approval Order (ECF No. 65), the deadline to opt-out of the Settlement was August 30, 2022. As detailed in the Bahry Declaration, there were only two requests for exclusions from the Settlement.

31. Also pursuant to the Preliminary Approval Order (ECF No. 65), the deadline to object to the Settlement was August 30, 2022. As detailed in the Bahry Declaration, there have been zero objections to the Settlement.

32. Attached hereto as **Exhibit B** is the current firm résumé for Bursor & Fisher, P.A.

33. My firm, Bursor & Fisher, P.A., has significant experience in litigating class actions of similar size, scope, and complexity to the instant action. *See* Ex. B. My firm has also been recognized by courts across the country for its expertise and skilled and effective representation. *See*, *e.g.*, Ex. B; *see also Ebin v. Kangadis Food Inc.*, 297 F.R.D. 561, 566 (S.D.N.Y. Feb. 25, 2014) ("Bursor & Fisher, P.A., are class action lawyers who have experience litigating consumer claims. ... The firm has been appointed class counsel in dozens of cases in both federal and state courts, and has won multi-million dollar verdicts or recoveries in five class action jury trials since 2008.")[1]; *In re Welspun Litigation*, Case No. 16-cv-06792-RJS (S.D.N.Y. January 26, 2017) (appointing Bursor & Fisher interim lead counsel to represent a proposed nationwide class of purchasers of mislabeled Welspun Egyptian cotton bedding products). My firm has zealously represented the interests of the Class and committed substantial resources to the resolution of the class claims.

34. Based on Class Counsel's experience litigating similar consumer class actions,

---

[1] Bursor & Fisher has since won its sixth jury verdict in *Perez v. Rash Curtis & Associates*, Case No. 4:16-cv-03396-YGR (N.D. Cal.), for $267 million.

Class Counsel is of the opinion that the Settlement is fair, reasonable, and adequate.

35. As discussed above and throughout Plaintiffs' Motion for Final Approval of Class Action Settlement, the Settlement reached in this case was the product of negotiations conducted at arms' length by experienced counsel representing adversarial parties, and there is absolutely no evidence of fraud or collusion.

36. There are no separate agreements to be identified pursuant to Federal Rule of Civil Procedure 23(e)(3).

37. I believe that Ms. D'Amario and Mr. Dunn's active involvement in this case was critical to its ultimate resolution. They took their roles as class representatives seriously, devoting significant amounts of time and effort to protecting the interests of the class. Without their willingness to assume the risks and responsibilities of serving as class representatives, I do not believe such a strong result could have been achieved.

38. Both Ms. D'Amario and Mr. Dunn equipped my firm with critical details regarding their experience with Defendant. They have spent significant time assisting their counsel, providing information regarding Defendant's policies and practices, providing pertinent documents, and assisting in settlement negotiations.

39. In short, Ms. D'Amario and Mr. Dunn assisted my firm in pursuing this action on behalf of the class, and their involvement in this case has been nothing short of essential.

I declare under penalty of perjury that the above and foregoing is true and accurate. Executed on October 4, 2022 in Yorktown Heights, New York.

                                           */s/ Philip L. Fraietta*
                                           Philip L. Fraietta